JACK POLESIR, Plaintiff, *v.* ALL BOROUGH TRANSPORTATION CORP. and LOUIS OSTRAU, Defendants.

City Court of New York, Special Term, Bronx County, January 11, 1940.

*Abbey L. Warshauer*, for the plaintiff.

*E. Edan Spencer*, for the defendant All Borough Transportation Corp.

*Samuel Gutterman*, for the defendant Louis Ostrau.

EVANS, J.   The plaintiff has had a judgment in a personal injury action against both defendants.   The corporate defendant has paid the judgment.   It now asks for contribution against the individual defendant.   Ordinarily it would be entitled to such contribution on motion and without separate action being brought, because both defendants have appeared in the original action. (Civ. Prac. Act, § 211-a.)

But between the individual defendant and the corporate one there had been a prior action involving property damage arising as a result of this accident.   That action was settled, and the corporate defendant signed a release to the individual defendant which absolves the individual defendant from any liability to it arising out of this accident.   The general release is a complete and unambiguous document, which may not be varied by parol evidence. (*Kirchner* v. *New Home S. M. Co.*, 135 N. Y. 182.)

If, on the other hand, the intention of the release was not to avoid contribution, an action may be brought to reform the release. (*Zimmerman* v. *Loft*, 125 App. Div. 725.)

The making of this motion does not constitute an election of remedies, nor will its denial be *res judicata*, in an action to reform the general release.   (*Baird* v. *Erie R. R. Co.*, 72 Misc. 162; affd., 148 App. Div. 452; affd., 210 N. Y. 225.)