■ JAMES LANGNER et al., Plaintiffs, v. EMANUEL ESCHWEGE, Defendant and Third-Party Plaintiff-Appellant. ABRAHAM BROIDO, Third-Party Defendant-Respondent.— Order, Supreme Court, New York County, entered on June 9, 1971, granting the motion of the third-party defendant-attorney to dismiss the third-party complaint, unanimously reversed, on the law, without costs and without disbursements, and the motion denied. Relevant facts are set forth in this court's memorandum (39 A D 2d 652) published simultaneously herewith. In the third-party complaint, which seeks indemnity, defendant attorney alleges that if there is liability to plaintiffs, it is due to the primary negligence of the third-party defendant. The third-party defendant's position, which was adopted by Special Term, that defendant is charged solely with active negligence and hence is precluded from seeking indemnification, no longer constitutes a bar to such relief. The so-called active-passive dichotomy has now become a relic of the past, being replaced by new guidelines based upon shared responsibility in apportioning liability. (*Dole* v. *Dow Chem. Co.,* 30 N Y 2d 143; *Wood* v. *City of New York*, 39 A D 2d 534.) Concur — Kupferman, J. P., McNally, Tilzer and Capozzoli, JJ.

■ NISSHO-IWAI AMERICAN CORPORATION, Appellant, v. LEHIGH VALLEY INDUSTRIES, INC., Respondent. LEHIGH VALLEY INDUSTRIES, INC., Defendant, v. NISSHO-IWAI CO., LTD., Additional Defendant on Counterclaim.— Order, Supreme Court, New York County, entered on January 13, 1972, unanimously reversed, on the law, and the facts, and the plaintiff's motion for a protective order granted without prejudice; and the notice for discovery and inspection is vacated on the ground that the documents sought to be discovered are not sufficiently identified to enable the court to make an informative determination as to their relevancy on the issues here involved. (*Rios* v. *Donovan,* 21 A D 2d 409, 414.) Appellant shall recover of respondent $30 costs and disbursements of this appeal. Concur — Kupferman, J. P., McNally, Tilzer and Capozzoli, JJ.

■ In the Matter of the Arbitration between THOMAS GANSER et al., Appellants, and NEW YORK TELEPHONE COMPANY et al., Respondents.— Judgment, Supreme Court, New York County, entered on November 18, 1971, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs and without disbursements, and the proceeding remanded for consideration on the merits. This proceeding to set aside an arbitration award pursuant to an agreement between Communications Workers of America, AFL-CIO, and the New York Telephone Company, was dismissed on the ground that more than 90 days had elapsed since the award. The award was rendered on April 30, 1971, and the original petition by a local of the union was filed July 27, followed by a motion noticed August 24 by the International Union ratifying the original petition and asking to join in the petition. CPLR 7511 (subd. [a]) limits the time for the application to 90 days " after its delivery " to the party. There being no indication of when delivery took place, the petition of the International Union should not have been dismissed. Concur — Markewich, J. P., Nunez, Kupferman, Murphy and McNally, JJ.