Mario Pittoni, J.
Defendants, Ford Motor Co., the manufacturer, and McGoldrick, the dealers, have been sued for their negligence, for breach of implied warranty, and for breach of expressed warranty. The jury has rendered verdicts against defendant Ford for all three, and against defendants McGoldrick for negligence and for breach of implied warranty.
Defendants McGoldrick now cross-claim against defendant Ford on the negligence and implied warranty causes.
Defendants Ford and McGoldrick stipulated at the beginning of the trial that the cross claims would be taken from the jury’s consideration and that I would decide the issue without a jury.
In respect to the negligence cause, defendants McGoldrick claim that defendant Ford was actively negligent and that defendants McGoldrick were only passively negligent in that they were charged merely with failure to sufficiently inspect, test and discover the defective carburetor in the Ford vehicle before they sold it to plaintiff Walsh.
Based upon the jury’s verdicts and my own analysis of the evidence, I find that defendant Ford was negligent in the manufacture, inspection, testing and failure to discover the defective *1032 carburetor which caused the accident. Defendants McGoldrick, in turn, were negligent in failing to properly inspect, test and discover the defective carburetor before they sold the car to plaintiff Walsh.
On the cross claim by defendants McGoldrick in the negligence action, I hold that the claim of their passive negligence as contrasted to Ford’s active negligence is untenable. An act of omission may be active negligence. Here defendants McGoldrick had an affirmative duty to inspect, test and discover. Whatever inspection and tests they made were improper, insufficient and negligently done, so that they, too, were guilty of active negligence and under the older cases would have no right to recover over against Ford (e.g., Jackson v. Associated Dry Goods Corp., 13 N Y 2d 112, 116; Colon v. Board of Educ. of City of N. Y., 11 N Y 2d 446, 451; Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., 9 N Y 2d 426, 430 et seq.; Putvin v. Buffalo Elec. Co., 5 N Y 2d 447; McFall v. Compagnie Mar. Beige, 304 N. Y. 314, 329-330).
However, Dole v. Dow Chem. Co. (30 N Y 2d 143) appears to have watered down the distinction between “ active ” and “ passive ” negligence into practical oblivion. Indeed, Dean Joseph McLaughlin, of Fordham Law School, an outstanding authority in procedural law, in his May 12, 1972, New York Law Journal article, said: ‘ ‘ Bowing before the virtually unanimous condemnation of the distinction between active and passive negligence, the Court of Appeals simply eliminated the doctrine. That much is crystal clear. Beyond this point, however, the opinion becomes obscure.”
Now we come to the fuzzy problem of apportionment of liability or blame between the two wrongdoers, as the Dole v. Dow Chem. Co. case (p. 153) requires from the fact finder. The court apparently says that the fact finder, in apportioning liability as between the defendants ‘1 in causing damage by negligence ” should base it on ‘ ‘ relative responsibility * * * to be determined on the facts.”
Here defendant Ford negligently manufactured the carburetor, then failed to properly inspect and test it for imperfection and then sold it to defendants McGoldrick for placing on the market.
Defendants McGoldrick, in turn, were required to inspect and test the carburetor as required by defendant Ford and by its . implied duty to the prospective buyer. Perhaps defendants McGoldrick felt that when defendant Ford delivered the car to them the car was “ ready to roll ” and that their supplemental inspection and tests were only an added precaution before the *1033 car went to the ultimate buyer and user. Nevertheless, they owed and violated their duty to inspect, test and discover the defect in the carburetor.
Under the circumstances, I conclude that defendant Ford’s responsibility for the defective carburetor is 50% because of its negligent manufacture and 25% because of its negligent failure to properly inspect and test before it sent the car into the market. On the other hand, I conclude that defendants McGoldrick’s responsibility is 25% because of its negligent failure to properly inspect and test before they sold and delivered the ear to plaintiff Walsh.
Now on the question of implied warranty, I conclude that the retailer-dealer, defendants McGoldriek, having suffered and being responsible for a judgment against them by the injured person in this warranty action, are entitled to indemnity from defendant Ford, the manufacturer who sold the defective carburetor to them with a similar warranty (McSpedon v. Kunz, 271 N. Y. 131; Eisenbach, v. Gimbel Bros., 281 N. Y. 474; Hunter v. Ford Motor Co., 37 A D 2d 335; 3 Frumer and Friedman, Products Liability, § 44.03 [1]).
Even though the Dole case was concerned only with a negligence action, the principle developed in that case should also be and is applied to these implied warranty causes of action because they arose only because of defendants’ negligence.
In short, in both the negligence and breach of warranty causes of action defendant Ford shall pay 75% of any amount due or to be recovered by plaintiffs in these actions.
The same ratio as just stated should be used in any cause of action or counterclaim by plaintiff Walsh in the property damage action previously joined with the other cases.