Edward S. Conway, J.
This is a motion by the third-party defendant for an order dismissing the third-party complaint on the ground that it fails to state facts sufficient to constitute a cause of action, and" on the further ground that pursuant to CPLB 3211 .and the case of Dole v. Dow Chem. Co. (30 N Y 2d 143), a complete defense, founded upon documentary evidence, exists.
It is the contention of the third-party defendant Bohanske that the third-party complaint fails to state facts sufficient to constitute a cause of action in that there is no relationship existing between the Town of Niskayuna and the third-party defendant Bohanske upon which the town could be vicariously liable and that the complaint of the plaintiffs against the town only alleges allegations of active negligence.
Is is the further contention of the third-party defendant that the plaintiffs, by reason of a release given to the third-party defendant Bohanske, may only proceed against the Town of Niskayuna for a comparative recovery, pursuant to the doctrine of Dole v. Dow Chem. Co. (supra), having released the defendant, Bohanske, for her proportionate share of any liability.
Plaintiff Malcolm Williams in his complaint alleges that he had gone to the .scene of a previous accident in a tow truck at the request of the town police; that while at the scene he was struck by a car operated by the third-party defendant Bohanske; that the town was negligent because of the manner in which the first accident investigation was being conducted by the town police officer, Arthur Keller, and his failure to take the proper precautions to protect the plaintiff at the scene of the first accident; and that the town failed to properly instruct Officer Keller in the handling of an accident.
It is the contention of the third-party plaintiff, the town, that the negligence alleged in the complaint is all passive; that the third-party defendant was actively negligent; that the town has a good cause of action over against the operator of the vehicle that negligently struck the plaintiff; and that this is a classic ' case tinder the doctrine of Dole v. Dow Chem. Co. The third-party plaintiff further contends that a settlement between the plaintiff and the third-party defendant is not binding on the town and that it does not conclusively establish the amount that a joint tort-feasor has to pay, for it is for a jury to determine the comparative fault. This court must agree with these contentions.
*443 The Court of Appeals in Dole v. Dow Chem. Co. (30 N Y 2d 143,151) stated: “ The earlier study noted the refusal to allow contribution among joint tort-feasors was ‘ of doubtful validity even in the most extreme case ’ ([1936 Report of N. Y. Law Rev. Comm.] p. 720). ”
The Court of Appeals further stated (p. 153): “If tried together b.efore a jury, the instruction would be to consider the third-party plaintiff’s cause over only if that party were found negligent;' and if that were found, the remedy would depend on the proportion of the blame found against third-party-defendant. There might, of course, be a finding leading to no apportionment or to full indemnity. * * * Right to apportionment of liability or to full indemnity, then, as among parties involved together in causing damage by negligence, should rest on relative responsibility and to be determined on the facts.”
The Court of Appeals in Kelly v. Long Is. Light. Co. (31 N Y 2d 25, 29) has now stated: ‘ Prior to our recent decision in Dole v. Dow Chem. Co. (30 N Y 2d 143), it had been held to. be the rule that a defendant found guilty of ‘ active ’ negligence could not recover over against another guilty of active ’ tort negligence. The rule as stated in Dole now permits apportionment of damages among joint or concurrent tort-feasors regardless of the degree or nature of the concurring fault. We believe the new rule of apportionment to be pragmatically sound, as well as realistically fair.”
The motions of the third-party defendant are denied.