Harold R. Soden, J.
The third-party defendant, Edward B. Parker, moves pursuant to OPLR 3211 for judgment dismissing the third-party complaint. The third-party complaint is premised upon the theory of Dole v. Dow Chem. Co. (30 N Y 2d 143) and Kelly v. Long Is. Light. Co. (31 N Y 2d 25), permitting the maintenance of an action seeking relative contribution between persons alleged to he causally responsible for the’ damages by a plaintiff.
It appears from the motion papers that on November 20, 1970 on New York State Route 28 in Hamilton County, New *348 York, there was a multiple vehicle accident resulting in injuries and/or death to the drivers and their passengers. James Michelucci whs a passenger in the Carma vehicle. As a result of the collision, he was killed and his estate commenced an action against the owners of the vehicles involved — Carma, Parker and Bennett. The trial of that action and other related actions commenced at the April, 1972 Trial Term of Supreme Court, Washington County.
During the course of that trial, the plaintiff Estate of Michelucci settled its action with two of the three defendants, Carma and Parker (the moving third-party defendant here) and reserved its rights to continue against the remaining defendant, Bennett. The trial was discontinued, and the remaining parties, plaintiff Estate of Michelucci and defendant Bennett, were to commence a new trial during the September, 1972 Washington County Supreme Court Trial Term.
However, on August 8, 1972, the defendant, Bennett, commenced. :a third-party action against the ex-defendants, Carma and Parker under the Dole v. Dow Chem. Co. (30 N Y 2d 143, supra) concept. Those actions are not fully at issue nor ready for trial simultaneously with the main action of Michelucci against Bennett.
The present motion by the third-party defendant .seeks dismissal of the third-party complaint upon a number of grounds. The first ground alleged is that the Third-party plaintiff Bennett is estopped to seek such relief because the third-party defendant, Carma, was precluded from asserting such claim at the commencement of the original trial by the Trial Judge. However, there is no claim or proof that this third-party plaintiff previously sought to assert its present relative contribution rights against either Carma or Parker. Such right of action can be asserted either by a third-party action or in a separate action (Dole v. Dow Chem. Co., 30 N Y 2d 143, supra). Under the factual situation presented in the moving papers, I see no reason why this third-party plaintiff is bound by the decision of the Trial Judge pn a motion by another defendant to which it did not join in or similarly move. The present motion in this respect is therefore denied.
The second ground relied upon by the third-party defendant, Parker, is that the plaintiff, Michelucci’s general release to defendants, Carma and Parker, constitutes a bar to the present action. This argument fails to recognize that the plaintiff, Michelucci, is not asserting any additional claim against either Carma or Parker. The plaintiff in the third-party complaint *349 is Bennett, and it is not a party to the release nor bound by its terms under the prevailing factual situation. An. analogous situation existed in Dole v. Dow Chem Co. (supra), concerning the defense of Workmen’s Compensation Law and its effect on the third-party plaintiff’s complaint. The court clearly pointed out that the third-party plaintiff’s legal rights are separate rights from the plaintiff’s. The motion in this respect is therefore denied.
A third ground raised in support of the present motion is that the third-party action will delay and prejudice the final determination in the action of Michelucci against Bennett and other companion actions. It is claimed that the third-party plaintiff is guilty of laches in the institution of the present action. The cases of Dole v. Dow Chem. Co. (30 N Y 2d 143, supra), and Kelly v. Long Is. Light. Co. (31 N Y 2d 25, supra), were not decided until March and June, 1972. They substantially changed the existing law of the State of New York. The next regularly scheduled Trial Term in Washington County is January, 1973. The parties’ delay will amount to only approximately four months. I do not find any laches or substantial prejudice existing, and the motion in this respect is denied.
The final ground alleged by the third-party defendant in support of the motion is the defense of payment and res judicata coupled with a claim for offset. This ground is premised upon the third-party defendant’s payment to the plaintiff, Michelucci, in settlement of the sum of $2,000. As previously discussed, the legal rights of the third-party plaintiff in the present instant are not bound and governed by the legal rights and obligations between the plaintiff, Michelucci, and the third-party defendant Parker (Dole v. Dow Chem. Co., supra). At the conclusion of the third-party action there will be a determination of each third-party defendants ’ percentage of liability, if any, for the damages alleged by the plaintiff. If it be determined that the third-party defendant Parker is entitled to credit for its $2,000 payment, such issue can be raised and determined either at that time or in another appropriate action. Such issues, however, do not affect or destroy the rights of the third-party plaintiff to seek a determination of the comparative responsibility of the third-party defendants under the Dole v. Dow Chem. Co. (supra) doctrine. The motion in this respect is also denied.
For all of the reasons stated above, the motion is in all respects denied, without costs.