■ DAVID HAIN, Plaintiff, v. HEWLETT ARCADE, INC., Defendant and Third-Party Plaintiff-Respondent. JOHN BRUNJES, INC., Third-Party Defendant-Appellant.— In an action to recover damages for personal injuries, the third-party defendant, John Brunjes, Inc., appeals from a judgment of the Supreme Court, Nassau County, entered March 21, 1972, against it and in favor of the third-party plaintiff, Hewlett Arcade, Inc., upon a directed verdict of $3,500. Judgment reversed, on the law, without costs, and case remanded to the trial court for a determination fixing the relative degrees of negligence of Hewlett and Brunjes and the percentage of the $3,500 award to be borne by each of said tort-feasors as between themselves. The appeal did not present questions of fact. Plaintiff brought this action against defendant Hewlett Arcade, Inc., seeking to recover damages for personal injuries sustained when he tripped into a drainage trench which had been dug in the parking lot on Hewlett's premises by John Brunjes, Inc., a contractor. Hewlett served a third-party complaint on the contractor and, following the presentation of plaintiff's case at a trial limited solely to the issue of liability, a stipulation of settlement between plaintiff and Hewlett was entered into in the amount of $3,500. Over the objection of Brunjes, the trial proceeded without the jury being informed of the settlement. The jury returned a verdict in favor of plaintiff and, by a special verdict, found Brunjes negligent in creating the trench and Hewlett negligent in failing to remedy the condition (i.e., the trench) which led to the accident. The trial court interpreted this special verdict as a finding by the jury of active negligence on the part of Brunjes and a finding of passive negligence only on the part of Hewlett. Despite Brunjes' objection, it was not error for the court to refuse to dismiss Hewlett's third-party complaint after the primary action had been settled at the close of plaintiff's case (*Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214; *Venneri Co.* v. *Central Heating & Plumbing Co.*, 40 Misc 2d 125; *Colonial Motor Coach Corp.* v. *New York Cent. R. R. Co.*, 131 Misc. 891). The settlement merely imposed an obligation on Hewlett as third-party plaintiff to establish (1) that it was liable to plaintiff, (2) that its liability was such that it could recover over against Brunjes and (3) that the settlement was reasonable in amount (*Colonial Motor Coach Corp.* v. *New York Cent. R. R. Co., supra.*) We are of the opinion that the rule requiring apportionment of responsibility in joint tort-feasor cases, recently enunciated by the Court of Appeals in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143), is applicable here. Further, despite the fact that the trial in this case was held and completed prior to the date of the *Dole* decision, the rule there enunciated is to be applied retroactively, at least as to any case still in the judicial process (*Kelly* v. *Long Is. Light. Co.*, 31 N Y 2d 25). This case should therefore be remanded for a determination of the percentage of fault attributable to each of the tort-feasors (*Stein* v. *Whitehead*, 40 A D 2d 89). It should be noted that the reasonableness of the amount of the settlement is not disputed

by the third-party defendant. Hopkins, Acting P. J., Munder, Shapiro, Gulotta and Benjamin, JJ., concur.