Morris Sliskin", J.
Defendant moves for an order “ dismissing the affirmative defense to defendant’s cross-complaint herein pursuant to section 3211 [b] of the CPLB ” for lack of merit.
Proper regard for proper legal terminology requires a restatement of the relief sought which .shall be set forth in the factual context next presented. (CPLB 103, subd. [c].)
Margaret Vassar, a passenger in an automobile owned and being driven by her husband Paul, was injured when a collision occurred between the Vassar car and one operated by the defendant Jackson on June 7, 1970 at an intersection. Thereafter, it appears that the defendant, Jackson, executed a general release in favor of Paúl Vassar for which the latter paid Jackson the sum of $600. This release, dated October 27,1970, refers in haec verba “to personal injury and property damage sustained in an automobile accident on July 6, 1970” and absolves Paul Vassar “ of and .from all * * * manner of action(s) * * * damages * * * judgments * * * and demands whatsoever, in law or in equity” which Jackson “ever had, now h[as] or * * * shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents.”
This release was given in settlement of Luke Jackson’s separate claim against Paul Vassar for personal injury and property damage sustained in the accident of June 7,1970. Although it refers to an accident occurring on July 6, 1970, that date is a typographical error as was explained by counsel (6/7/70 being transposed as 7/6/70).
On November 9, 1970, plaintiffs Margaret Vassar and Paul Vassar commenced the present action in which issue was joined by the service of defendant’s answer on or about November 19, *654 1970. After the decision of the Court of Appeals in Dole v. Dow Chem. Co. (30 NY 2d 143), was announced, the defendant served an amended answer containing an indemnity counterclaim (improperly styled a “ cross-complaint ”). The present motion is brought to dismiss Paul Vassar’s affirmative defense of release contained in his reply to the counterclaim (improperly styled an “ answer ”). (See CPLB 3011; cf. CPLB 3019.)
In Cahill v. Regan (5 N Y 2d 292, 299) it is said that: “ although the effect of a general release, in the absence of fraud or mutual mistake, cannot be limited or curtailed (see Lucio v. Curran, 2 NY 2d 157,161; Kirchner v. New Home Sewing Mach. Co., 135 N. Y. 182, 188), its meaning and coverage necessarily depend, as in the case of contracts generally, upon the controversy being settled and upon the purpose for which the release was áctually given.”
At bar there is no allegation of fraud nor mutual mistake. The parties to the release intended, by its terms, to settle all issues of liability and damage arising from the vehicular accident of June, 1970. That a new, judicially pronounced remedy would be afforded to the defendant here could not have been in the minds of the parties nearly two years prior to the Dole decision; nevertheless, in October, 1970, the releasor, Jackson, gave up whatever cause he might have in futuro, including the Dole indemnity cause, by the strict construction of the terms embodied in the general release. It is often said that a release will be construed strictly against the releasor. This maxim is, in reality, nothing more than a particularization of the general rule that “ the signer of a deed or other instrument, expressive of a jural act, is conclusively bound thereby. That his mind never gave assent to the terms expressed is not material ” (Pimpinello v. Swift & Co., 253 N. Y. 159, 162).
To be distinguished from the facts at bar are those appearing in the recent case, Michelucci v. Bennett (71 Misc 2d 347). There, plaintiff administrator settled with two of three defendants in a wrongful death action, reserving rights against the remaining defendant. On a motion by one of the released defendants to dismiss a third-party indemnity claim asserted against him by the defendant held in the main action, the third-party defendant urged that plaintiff’s release to him barred the indemnity claim. The court held that the third-party plaintiff, not a party to the release between plaintiff and third-party defendant, was not bound by its terms and could maintain the third-party action. In the instant case the plaintiff Paul Vassar and the defendant Jackson were parties to the release. ,
*655 As to the effect given by the court to the release at bar, it seems obvious that the accepted and settled law of contracts was not affected by the holdings in Dole v. Dow Chem. Co. (30 N Y 2d 143, supra) or its progeny. The general release is a complete, unambiguous instrument which cannot be affected by the subsequent birth of remedies not reserved against by the releasor in the absence of grounds for reformation (cf. Polesir v. All Borough Transp. Corp., 172 Misc. 946, 947).
The motion to dismiss is denied.