Harold B. Soden, J.
This is a motion for an order to grant a third-party defendant, Jabera Carma, leave to serve an amended answer, pleading a general release as an absolute defense (CPLB 3025, subd. [b]).
*622 Two reasons urged by defendant Carma for such relief are: (1) Carma’s original attorney of record (Wein) has rétired from practice, and (2) a release, given heretofore by Nancy A. Bennett, as administratrix of the goods, chattels and credits of William Bennett, deceased, to Jabera Carma in the sum of $45,000 as damages for the death of William Bennett, was unknown to Carma’s present attorney (Snyder) until he had had an opportunity to receive and study the case file following the retirement of attorney Wein. .
The facts involving this matter are as follows. On November 20, 1970, on New York State Highway, Route 28, Hamilton County, New York, a three-car accident occurred resulting in injuries and/or death to the drivers and passengers. The owners of the vehicles involved were Carma, Parker and Bennett. One James Michelueci, a passenger in the Carma vehicle, died as a result of this accident. His estate sued all three owner drivers. The Michelueci death action was settled during the trial against the Carma and Parker vehicles. The Michelueci estate. reserved their rights against the Bennett vehicle. The remaining actions were put over the term for trial at a later date.
Dole v. Dow Chem. Co. (30 N Y 2d 143) was decided by the Court of Appeals a few days prior to the above settlement. Following the original partial trial, the defendant, Nancy A. Bennett, as administratrix of the goods, chattels and credits of William Bennett, deceased, (hereinafter Bennett estate) instituted third-party actions against Carma and Parker under the Dole v. Dow theory. A motion was made by the defendant, Carma, to dismiss the third-party action of Bennett under Dole v. Dow. I denied that motion (Michelucci v. Bennett, 71 Misc 2d 347).
It now appears that not only the death case of the Carma passenger, Michelueci, but also the death case of the estate of the owner driver, William Bennett, had been settled. The Bennett estate ,received.$45,000 from Carma in settlement of its death action for a release. As stated heretofore, Bennett now, as a third-party plaintiff, has a suit over against the two other defendants, Carma and Parker, pertaining to the remaining Michelueci v. Bennett action, praying that the percentage of fault of all three cars be decided. It is in these third-party actions that Carma now moves to amend his answer to set up as a complete and full defense his release from the Bennett estate as a plaintiff. If this were allowed, it is apparent that at the trial, the operation of the law (Dole y.Dow) would be limited to the determination of the percentage of only two of *623 the three originally named defendants, that is Bennett and Parker, and not the third-named defendant, Carma.
The plaintiff’s action of the Bennett estate against Carma was for damages for the death of William Bennett only. The present action of the Bennett estate as a defendant in the Michelucci estate case and as a third-party plaintiff against Parker and Carma is to establish the percentage of fault, if any, between the alleged joint tort-feasors. Dole v. Dow Chem Co. (30 N Y 2d 143) is now the law of this. State as to two or more defendant joint tort-feasors. As such, no release of one defendant by a plaintiff may bar or limit the adjudication of the respective liabilities of joint tort-feasors under Dole v. Dow. The Parker car, not a party to the settlement of the Bennett estate and Carma, has “ Doled ” the other two cars. Once the percentage of fault is established in the Parker action against Bennett and Carma, how could the release of Carma from the Bennett estate become a bar to the Parker Dole v. Dow action? The defense of release of Bennett to Carma therefore is without merit.
The motion to set up the release as a full and absolute defense by defendant Carma may not defeat the operation of law and is therefore denied, with costs.