■ HAROLD J. KELLY, Respondent, v. DIESEL CONSTRUCTION DIVISION of CARL A. MORSE, INC., Appellant-Respondent; WHITE PERSONNEL-MATERIAL HOIST CO., INC., Appellant, and CHESEBRO-WHITMAN CO., DIVISION OF PATENT SCAFFOLDING CO.—HARSCO CORP. et al., Respondents.— Order and judgment (one paper), Supreme Court, New York County, entered on December 8, 1972, affirmed. Plaintiff-respondent shall recover of appellants one bill of $60 costs and disbursements of this appeal. Concur — Murphy, Lane and Capozzoli, JJ.; Nunez, J. P., and Kupferman, J., dissent in part in the following memorandum by Kupferman, J.: Plaintiff, employed by a subcontractor in the construction of an office building, was injured when a hoist, which he was riding down to leave the building, fell some 20 stories to the bottom of the shaft. Among the defendants are the general contractor, Diesel Construction Division of Carl A. Morse, Inc. (Diesel), which furnished, maintained and operated the hoist for all of the subcontractors, Chesebro-Whitman Co. Division of Scaffolding Co.—Harsco Co. (Chesebro), to whom Diesel had subcontracted the job of furnishing, installing and maintaining the hoist, and White Personnel-Material Hoist Co., Inc. (White) from whom Chesebro leased the hoist and to whom it subcontracted the duty to maintain the hoist in a safe operating condition. At the trial on the issue of liability alone, the jury returned a verdict in favor of the plaintiff only against the subcontractor White, and in favor of all other defendants against the plaintiff. The Trial Judge set aside the verdict in favor of the defendant Diesel and directed a verdict in favor of the plaintiff against said defendant under section 240 of the Labor Law for violating the absolute duty imposed upon it to furnish the plaintiff with a reasonably safe hoist. The trial court* having reserved any cross claims to itself by consent of all the parties, then granted full indemnification to the defendant Diesel against the defendant White under *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143) on the ground that implicit in the jury verdict was the determination that White was guilty of common-law negligence in failing in its duty of inspection to discover the defective brake and switch for the hoist, and, were it not for such failure,

---

* The trial court's decision is discussed in the April, 1973 issue of the New York State Bar Journal (vol. 45, pp. 144, 155) in Dole v. Dow Chemical Co.: A Preliminary Analysis by Harold Lee Schwab.

Diesel would be blameless. While we all agree that the determination of the trial court in favor of the plaintiff should be affirmed, we differ on the question of indemnity because of the issue raised with respect to the exclusion of one item of evidence. The Chief Inspector of Elevators in Manhattan made an inspection of the hoist in question and reported his findings in accordance with the requirement of former section C26–851.0 [now § 26–1804.2] of the Administrative Code of the City of New York. The report was admitted in evidence, except for those portions thereof which (1) gave "overloading" as an additional reason for the accident in the opinion of the Chief Inspector, and (2) that the co-ordinator on the job for Diesel stated that the elevator was descending with 22 men aboard. Although there is a built-in leeway safety factor, it is clear that the elevator had a rated capacity of 20 persons or 3,000 pounds. The plaintiff had testified that the men each weighed approximately 170 lbs, but he stated that "maybe, eighteen" men were aboard. If overloading was a cause, as well as the defects in the condition and operation of the brake and switch for the hoist, then the apportionment was wrongly determined. The statement by the supervisor of Diesel would be an admission properly in evidence on any such consideration, although, as against the plaintiff, fairly excluded. While we could make the *Dole* v. *Dow* apportionment, it may very well be that if consideration is given to the question of overloading, as it should be, then the trial court might want to give further thought to the effect thereof. Accordingly, we would remand for adjudication of the cross claims in the light of this approach. (See *Kelly* v. *Long Is. Light. Co.*, 31 N Y 2d 25, 29; *Noble* v. *Desco Shoe Corp.*, 41 A D 2d 908, 909.) [70 Misc 2d 686.]