Stewart P. Hancock, Jr., J.
The plaintiff moves to dismiss defendants’ counterclaim in a personal injury action arising out of a collision on April 21, 1973, between a car driven by plaintiff Walker and owned by one Horace J. Mosley, and a car owned by defendant Carrie M. Maeweather and operated by defendant Willie D. Maeweather. The owner-passenger, Horace J. Mosley, was also injured and has sued the defendants Carrie and Willie Maeweather in a separate action for $26,043.45 for personal injuries and property damage, without naming the driver of Ms car, Walker, as a defendant. The counterclaim in question interposes against the plaintiff driver Walker in the instant action a Dole v. Dow Chem. Co. (30 N Y 2d 143) claim for apportionment of damages in the passenger suit .commenced by Mosley.
The pleading irregularity giving rise to plaintiff’s first ground for urging dismissal of defendants’ counterclaim has been cured by the agreement of defendants’ counsel to interpose the Dole v. Dow Chem. Co. (supra) claim for contribution as a tMrd-party complaint in the Mosley action.
*672 The remaining question is whether defendants’ claim for Dole apportionment of liability against plaintiff has been discharged by the .separate releases given by them to plaintiff.
The release by Carrie Maeweather, at least in the absence of evidence that it was intended to include other claims, must by its terms* be considered limited to the property damage to her 1968 Volkswagen and hence would not bar her claim for contribution in the Mosley action. (Haskell v. Miller, 221 App. Div. 48; Mitchell v. Mitchell, 170 App. Div. 452, 456; Simon v. Simon, 274 App. Div. 447; Lucio v. Curran, 2 N Y 2d 157, dissenting opn. p. 164.) The motion as to the claim of1 Carrie M. Maeweather should, therefore, be denied.
The release given by Willie D. Maeweather in the amount of $450 for his personal injuries contains no such limiting clause. However, he swears that $450 was given him by the Aetna Casualty & Surety Company in settlement of his claim " for personal injuries only ’ ’; that the release was prepared by representatives of the Aetna; and that “at no time did the representative of the Aetna Casualty & Surety Company discuss any other possible liability other than deponent’s claim for damag’es for personal injuries and that that was the only liability your deponent intended to release when deponent signed the aforesaid release.” Plaintiff has furnished no affidavit of the insurance representative or .other evidence refuting Willie D. Maeweather’s sworn affidavit.
Under these circumstances, this court is of the opinion that there is at least a question of fact as to whether the parties intended Willie D. Maeweather’s release to cover anything but his relatively minor personal injury settlement. As stated in Cahill v. Regan (5 N T 2d 292, 299), “Although the effect of a general release, in the absence of fraud or mutual -mistake, cannot be limited or curtailed (see Lucio v. Curran, 2 N Y 2d 157, 161; Kirchner v. New Home Sewing Mach. Co., 135 N. Y. 182, 188), its meaning and coverage necessarily depend, as in the case of contracts generally, upon the controversy being settled and upon the purpose for which the release was actually given. Certainly, a release may not be read to cover matters which the parties did not desire or intend to dispose of.” (See, also, Simon v. Simon, 274 App. Div. 447.)
The case here is unlike Lucio v. Curran (2 N Y 2d 157, 161), where the releasor’s attorney prepared the release and the *673 ‘ ‘ terms contained therein were deliberately bargained for and agreed to in broad, all-inclusive language. ’ ’
So, too, is the case distinguishable from Vassar v. Jackson (72 Misc 2d 652, 654, affd. 42 A D 2d 693), where there was “ no allegation of fraud nor mutual mistake. The parties to the release intended, by its terms, to settle all issues of liability and damage arising from the vehicular accident of June, 1970 ”. Furthermore, since the release in Vassar was given in November, 1970 prior to the Dole decision in June of 1972, it could not have been claimed that the parties omitted from the instrument because of a mutual mistake a clause reserving then nonexistent and unknown rights to claim contribution from a joint tort-feasor. Nor could the releasor in Vassar assert, as Willie Maeweather might, that the lack of explanation of the full effect of the release by the insurance adjuster who prepared it and who, presumably, would have been aware of the rights to contribution under the Dole decision, contributed to his misconception of what he was .signing.
In this court’s opinion, it would be neither realistic nor fair to hold,, as a matter of law, solely because Maeweather gave Walker a general and unrestricted release discharging his $450 personal injury claim against him, that it was also intended as part of the transaction, despite Maeweather’s unrefuted affidavit to the contrary, that Walker should be absolved from contributing as a joint tort-feasor for the serious injuries sustained by a third person.
Plaintiff’s motion to dismiss is denied, inasmuch as questions of fact appear which, of course, may be resolved in a separate prior trial pursuant to CPLE 603 if the parties are so minded.

 The release contains the following clause: “More particularly, for any and all property damage to a certain 1968 Volkswagen, resulting from a collision which occurred on April 21, 1973.”