Steven John **SLOTKIN**, an infant by his father and natural guardian Bert Slotkin and Bert Slotkin, Plaintiffs,

v.

**BROOKDALE HOSPITAL CENTER** et al., Defendants.

**No. 71 Civ. 4044 (WCC).**

United States District Court, S. D. New York.

May 16, 1974.

See also, D.C., 357 F.Supp. 705.

Max Toberoff, Zale, Toberoff & Gould, New York City, for plaintiffs.

James E. Hannon, New York City, for defendants Christopher McGrath, Jr., Paul Ratner, and Citizens Casualty Co. of N. Y.

Bower & Gardner, New York City, for defendant Guaranty Reinsurance Co.

Tell, Cheser, Werner & Breitbart, New York City, for defendant George Berkowitz.

Mendes & Mount, New York City, for defendants Underwriters at Lloyds, Rob-

ert Gilroy, Mendes & Mount, and British Ins. Companies.

William F. O'Connor, New York City, for American Mut. Ins. Co. of Boston.

D'Amato, Costello & Shea by Richard G. McGahren, New York City, for Arkwright-Boston Mfrs. Mut. Ins. Co., National Cas. Co., Allstate Ins. Co., Urbaine Fire Ins. Co., Grange League Ins. Co., Hardware Mut. Cas. Co. and Employers Mut. Liability Ins. Co. of Wisconsin.

Proskauer, Rose, Goetz & Mendelsohn by Jacob Imberman, New York City, for The Brookdale Hospital Medical Center, Morrell Goldberg and Bernard Fuss.

CONNER, District Judge:

In this fraud action, plaintiffs charge that they were induced to settle a malpractice action against defendant Brookdale Hospital and others for $185,000, upon the representation that Brookdale had no excess liability coverage above a $200,000 policy. Defendant Paul Ratner, an officer of Citizens Casualty Insurance Company of New York, the primary insurer, and defendants John McGrath, Esq., and Christopher McGrath, Jr., Esq. ("the McGraths"), designated as trial counsel for Brookdale Hospital in the state action by the New York State Superintendent of Insurance, as liquidator of Citizens Casualty Company, move this Court for an order vacating the dismissal of plaintiff's action against Brookdale and two Brookdale executives, Morrell Goldberg and Bernard Fuss, and for leave to serve an amended answer asserting cross-claims against them; or, in the alternative, for leave to serve a third-party complaint. Additionally, defendants Ratner and George Berkowitz, Esq., Trustee of Brookdale and Vice-Chairman of its Legal Committee, move for leave to assert cross-claims against each other.

On December 28, 1971 Brookdale filed its answer to plaintiff's complaint. Ratner and the McGraths had previously filed answers on November 4, 1971, but had failed to assert cross-claims against Brookdale. On January 26, 1972, plaintiff dismissed his action against Brookdale with prejudice, pursuant to a stipulation approved by the Court pursuant to Rule 41(a)(2), F.R.Civ.P. Subsequently, Ratner and the McGraths retained new counsel, who now assert on behalf of their clients that the dismissal of plaintiff's action against Brookdale, without prior notice to other parties in the action, prejudiced their right to assert cross-claims against Brookdale.

According to the Court's docket sheet and file of this case, on January 17, 1972, defendant American Mutual Insurance Company of Boston filed its answer to plaintiff's complaint, and asserted a cross-claim against Brookdale. On January 28, 1972, defendants Arkwright-Boston Manufacturers Mutual Insurance Company, Allstate Insurance Company, Urbaine Fire Insurance Company, Grange League Insurance Company, and Employers Mutual Liability Insurance Company of Wisconsin filed answers and asserted cross-claims against Brookdale. Other defendants had also filed answers prior to the dismissal of plaintiff's action against Brookdale, but had not asserted cross-claims against Brookdale.

It is clear that dismissal of an action with prejudice pursuant to Rule 41(a)(2) is a final adjudication of the issues presented by the pleadings and normally bars further suit between the parties on the same cause of action. Glick v. Ballentine Produce, Inc., 397 F. 2d 590 (8th Cir. 1968); Cleveland v. Higgins, 148 F.2d 722, (2d Cir.), cert. denied, 326 U.S. 722, 66 S.Ct. 27, 90 L. Ed. 428 (1945). However, the stipulation of dismissal with prejudice of plaintiff's action against Brookdale, endorsed "so ordered" by Judge MacMahon,[1] did

1. Rule 41(a)(2) by Order of Court.
Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save

upon order of the court and upon such terms and conditions as the' court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him

not operate to dismiss the cross-claim asserted by American Mutual Insurance Company of Boston which was filed prior to entry of the order of dismissal. Barker v. Louisiana & Arkansas Ry. Co., 57 F.R.D. 489 (D.La.1972); Aetna Insurance Co. v. Newton, 398 F.2d 729, 734 (3d Cir. 1968); Frommeyer v. L. & R. Construction Co., 139 F.Supp. 579 (D.N. J.1956), aff'd, 261 F.2d 879 (3rd Cir. 1958). Since this Court has retained jurisdiction over Brookdale by virtue of that cross-claim, Brookdale remains a co-defendant in this action and the movants may assert cross-claims pursuant to Rule 13(g), F.R.Civ.P. by amending their answers if leave of the Court is granted pursuant to Rule 15, F.R.Civ.P. Therefore, it is apparent that the order of dismissal need not be vacated[2] in order to grant the movants the relief requested.

Since jurisdiction of this action is based on diversity, it is necessary to determine whether the moving defendants have a substantive claim under New York law for indemnity against Brookdale.

Brookdale opposes the motion on the ground that the movants have no substantive claim for contribution under N. Y.C.P.L.R. 1401 (McKinney 1963), because plaintiff has not obtained judgment against the movants, and neither Ratner nor either of the McGraths has paid more than his pro rata share of such a judgment. They further argue that, in any event, there is no right to contribution in fraud actions in New York.

While Brookdale correctly states the requirements for contribution pursuant to N.Y.C.P.L.R. 1401, it relies on cases which are no longer good law. Revolutionary changes in the substantive law of New York have resulted from the decision of the New York Court of Appeals in Dole v. Dow Chemical Co., 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E. 2d 288 (1972). In considering the impact of *Dole* and its progeny on the relief herein requested, this Court is pre-

---

of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Dismissal under Rule 41(a)(2) is within the discretion of the trial judge. Larsen v. Switzer, 183 F.2d 850 (8th Cir. 1950), cert. denied, 340 U.S. 911, 71 S.Ct. 291, 95 L.Ed. 658 (1951); 5 Moore's Federal Practice ¶ 41.05.

2. Although there is authority for the proposition that a dismissal with prejudice does not fall within Rule 41, and therefore court approval is not required, Smoot v. Fox, 340 F.2d 301 (6th Cir. 1964), cert. denied sub nom., League of Women Voters v. Smoot, 384 U.S. 909, 86 S.Ct. 1342, 16 L.Ed.2d 361 (1966), the better view, supported by the great weight of authority, is that where dismissal of an action is sought as to less than all defendants, it should be by motion which would be served on all parties who have appeared. Diamond v. United States, 267 F.2d 23 (5th Cir.), cert. denied, 361 U.S. 834, 80 S.Ct. 85, 14 L.Ed.2d 75 (1959); Gammino Construction Co. v. Great American Insur-

ance Co., 52 F.R.D. 323 (D.R.I.1971). A notice of motion is preferable in order to protect the rights of parties claiming prejudice and to afford them the opportunity to be heard. Hudson Engineering Co. v. Bingham Pump Co., 298 F.Supp. 387 (S.D.N.Y.1969). While the procedure employed by plaintiff and Brookdale in this case was hardly commendable, we note that even where a proposed dismissal as to less than all defendants is properly before the court on motion, the objections raised here by the movants have not been held sufficient for a court to deny the plaintiff the right to dismiss his action with prejudice against less than all defendants. Broadway & Ninety-Sixth Street Rlty. Corp. v. Loew's Inc., 23 F.R.D. 9 (S.D.N.Y.1958); Southern Electric Generating Company v. Allen Bradley Co., 30 F. R.D. 135 (S.D.N.Y.1962); United States v. E. I. DuPont DeNemours & Co., 13 F.R.D. 490 (N.D.Ill.1953) Young v. Wilky Carrier Corp., 150 F.2d 754 (3rd Cir. 1945), cert. denied, 326 U.S. 786, 66 S.Ct. 470, 90 L.Ed. 477 (1946); Johnson v. Cartwright, 355 F. 2d 32 (8th Cir. 1966); Alamance Industries, Inc. v. Filene's, 291 F.2d 142 (1st Cir.), cert. denied, 368 U.S. 831, 82 S.Ct. 53, 7 L. Ed.2d 33 (1961); 5 Moore's Federal Practice ¶ 41.06.

sented with the apparently novel question whether a cross-claim for indemnity should be permitted where an intentional tort is involved.

■ Under prior New York law, a plaintiff could choose which tortfeasors he would sue, since each was jointly and severally liable. Where joint tortfeasors had caused an injury, a plaintiff could sue only one, who would not have the right to implead others who may have contributed to the injury. The tortfeasor sued would have to bear full responsibility for the acts of others. The only exception to this rule was where a tortfeasor could demonstrate that he was only "passively" negligent. In such case, a third party he claimed to be "actively" negligent could then be impleaded. The rationale for prohibiting one tortfeasor from sharing liability with another where both were "active" wrongdoers, which was applicable to both intentional and unintentional torts, was the deterrence of wrongdoing.

*Dole* created the substantive law doctrine that a tortfeasor who is sued individually may implead others who have contributed to the plaintiff's injury, rather than being forced to bear the responsibility alone.[3] The *Dole* doctrine is based on the principle that the damages should be fairly apportioned among those who participated in the wrong, regardless of whether or not they were "active" or "passive" tortfeasors. Thus, while the plaintiff may initiate his suit against any one or more of several tortfeasors, the defendants now have the right to implead any other tortfeasors who are or may be liable for all or part of the injury, or to assert cross-claims for indemnity against co-defendants already joined. Kelly v. Long Island Lighting Co., 31 N.Y.2d 25, 334 N.Y.S. 2d 851, 286 N.E.2d 241 (1972). Moreover, the New York courts have ruled that even where a plaintiff has settled or released his claim against one of several joint tortfeasors, a tortfeasor not a party to the release or settlement may still maintain a third-party claim against the defendants released. Michelucci v. Bennett, 71 Misc.2d 347, 335 N.Y.S.2d 967 (Sup.Ct.1972); Michelucci v. Bennett, 73 Misc.2d 621, 341 N.Y.S.2d 837 (Sup.Ct.1973); Hain v. Hewlett Arcade, Inc., 40 A.D.2d 991, 338 N.Y.S.2d 791 (2d Dept. 1972).

Although the ruling in *Dole* was made with reference to actions based on negligence, the doctrine has been extended to cases involving statutory liability, in which a plaintiff is entitled to recover whether or not the defendant was negligent and whether or not the plaintiff was contributorily negligent, Kelly v. Diesel Construction, 70 Misc.2d 686, 334 N.Y.S.2d 309 (Sup.Ct.1972), aff'd, 42 A.D.2d 891, 347 N.Y.S.2d 698 (1st Dept. 1973); to cases of implied breach of warranty involving negligence, Walsh v. Ford Motor Co., 70 Misc.2d 1031, 335 N.Y.S.2d 110 (Sup.Ct.1972); and to an action for an attorney's malpractice. Langer v. Eschwege, 39 A.D.2d 653, 332 N.Y.S.2d 16 (1st Dept. 1972).

Although the applicability of the *Dole* doctrine to intentional torts has not been considered by the New York courts, there is authority to support its extension to such cases. Professor Siegel, in his Commentary to N.Y.C.P.L.R. 3019 (3019:26, McKinney Supp. 1974) states that there is sound reason for including intentional torts within the ambit of *Dole*, especially at the pleading stage. And Murphy, "Dole v. Dow Chemical:

---

3. The New York Court of Appeals ruled, in Dole v. Dow Chemical Co., 30 N.Y.2d 143, 148–149, 331 N.Y.S.2d 382, 387, 282 N.E.2d 288, 292 (1972),
"that where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against the third party. To reach that end there must necessarily be an apportionment of responsibility in negligence between those parties.
". . . There might, of course, be a finding leading to no apportionment or to full indemnity." *Id.* at 331 N.Y.S.2d 391, at 282 N.E.2d 294.

Thoughts About the Future," Journal of Insurance, Negligence and Compensation Law Section, New York State Bar Association, Fall, 1972 at 17, 20–21, argues that even in the area of intentional torts parties may not be equally culpable, and that if juries are capable of determining degrees of culpability in negligence actions, there is no good reason to presume that they are incapable of so doing in actions involving intentional torts.

Like these authors, we can perceive no logical reason for differentiating between actions for negligence and actions for intentional wrongs, such as fraud, in applying the salutary rule of *Dole*. Such a distinction would seem particularly inappropriate in the factual situation portrayed by the proposed pleadings, which we must accept as true for the purpose of the present motions. Dombrovskis v. Murff, 24 F.R.D. 302 (S.D.N.Y.1959); Key Pharmaceuticals, Inc. v. Lowey, 54 F.R.D. 447 (S.D.N.Y. 1972). The McGraths allege that they were merely the conduit for information furnished them by the Brookdale defendants, and Ratner alleges that he did nothing more than stand mute while the information was passed on to plaintiffs and to the Court.[4] While these allegations, even if true, would not absolve the movants of responsibility, they would seem to bring the cross-claim more into the pattern of the cases in which "passive" tortfeasors originally named as defendants seek to implead their "active" confederates—which, as we have observed, would have been allowed even before *Dole*.[5]

The Brookdale defendants do not assert any prejudice to them which might result from the proposed amendments, and we can perceive none. The cross-claim filed against Brookdale prior to the dismissal of plaintiff's action, and those filed two days thereafter, have not yet been answered, although they have been pending for more than two years; nor has discovery proceeded to an extent where significant delay in trial would result. Moreover, the Brookdale defendants will have the opportunity, in their answers, to assert any cross-claims or defenses that may be available.

The federal courts have long followed a policy of liberality in permitting amendments to pleadings. Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." The leading case of Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 2d 222 (1962) declared that "this mandate is to be heeded . . ." and that, absent a finding of "undue delay, bad faith, or dilatory motive," the amendment should be allowed. The Court is compelled to the conclusion that it would be best to have all claims arising from the alleged fraud determined with finality in a single action.

For the reasons stated, the motion by defendants Ratner and the McGraths to vacate the dismissal is denied; defendants Ratner and the McGraths are granted leave to serve amended answers alleging cross-claims against Brookdale, Goldberg, and Fuss, and defendants Ratner and Berkowitz are granted leave to assert cross-claims against each other.

So ordered.

---

4. The cross-claims which co-defendants Ratner and Berkowitz propose to assert against each other allege that any representation they made to plaintiff's counsel and the trial court that the extent of the insurance coverage was $200,000 was based on fraudulent representations by the other to that effect.

5. See Holodook v. Spencer, 43 A.D.2d 129, 350 N.Y.S.2d 199 (3rd Dept., 1973); Rogers v. Dorchester Associates, 32 N.Y.2d 553, 347 N.Y.S.2d 22, 300 N.E.2d 403 (1973).