JOSEPH C. VALENTINO, JR., as Administrator of the Estate of LORRAINE B. VALENTINO, Deceased, Claimant, v STATE OF NEW YORK, Appellant. (Claim No. 57242.)

JOSEPHINE VALENTINO, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 57243.)

Third Department, May 8, 1975

16

*Louis J. Lefkowitz, Attorney-General (Douglas L. Manley*
and *Ruth Kessler Toch* of counsel), for appellant.

*Tabner, Carlson, Daffner & Farrell (C. Theodore Carlson* of
counsel), for Josephine Valentino, respondent.

*Carter, Conboy, Bardwell & Case (Clayton T. Bardwell* of
counsel), for Joseph C. Valentino, respondent.

SWEENEY, J. P. An appeal in this case was previously argued
in this court and we withheld determination and remitted the
action for further proceedings (44 AD2d 338). Most of the
pertinent facts are set forth in that opinion. It is, therefore,
unnecessary to repeat them here. After a hearing on remand,
the trial court concluded that a binding and valid agreement
was in existence by March 9, 1972, prior to the date on which

*Dole v Dow Chem. Co.* (30 NY2d 143) was handed down (March 22, 1972). In our previous decision we determined that, if there was a binding settlement agreement with the deceased's estate prior to the *Dole* decision, its rationale would not apply and the State, consequently, would not be entitled to file a counterclaim. (44 AD2d 338, 341; contra, *Blass v Hennessey*, 44 AD2d 405.) In our view, a resolution of the present controversy thus narrows to whether, on this record, the parties had entered into such a binding agreement prior to *Dole*. The trial court determined that they had, but we arrive at a contrary conclusion.

It is established by the supplemental hearing that limited letters of administration were issued on February 14, 1972 empowering the administrator to prosecute, but not to "compromise", the wrongful death action; that on March 9, 1972 the administrator petitioned for an order directing settlement which order was granted on June 2, 1972. It is significant that the limited letters prohibited a compromise, and equally significant that it is implicit in the petition for the order permitting a compromise that the action could not be compromised and settled without court approval. The order specifically provides that the restriction restraining the ᴠdministrator from compromising the action against Josephine Valentino be removed.

In our opinion, there was no binding agreement of settlement until some 10 weeks after the *Dole* decision. While the administrator petitioned the court on March 9, 1972, it is conceivable that circumstances could have occurred thereafter which might cause the administrator to withdraw his petition or compel the Surrogate to refuse to sign the order of compromise. As a matter of fact, an amended petition was filed on April 14, 1972. For an agreement to be binding it must be one which legally obligates a party to perform. In the instant case the proffered settlement required the claimant to execute releases, which he could not do without a court order. Under the circumstances, therefore, we conclude that there was no binding agreement of settlement until June 2, 1972, and, consequently, the State's motion for leave to file a counterclaim should have been granted *(Williams v Town of Niskayuna*, 72 Misc 2d 441; *Michelucci v Bennett*, 71 Misc 2d 347). In view of this determination, it is unnecessary to consider the other issues raised on this appeal.

The order should be reversed, on the law and the facts, and

the State's motion to file a counterclaim granted, without costs.

KANE, MAIN, LARKIN and REYNOLDS, JJ., concur.

Order reversed, on the law and the facts, and State's motion to file a counterclaim granted, without costs.