■ HEMPSTEAD BANK et al., as Executors of MORRIS CANTER, Deceased, Respondents, v. CITY OF LONG BEACH et al., Appellants.—In an action for (1) a declaratory judgment with respect to plaintiffs' real property in the City of Long Beach and (2) injunctive relief, defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County, entered April 8, 1970, as adjudged that plaintiffs are entitled to the use of their main building as a rooming house, with the privilege of using cooking facilities in each room thereof, "by virtue of a non-conforming use only ". Judgment reversed insofar as appealed from, on the law, with costs, and it is adjudged that defendants may enforce the challenged ordinance against plaintiffs' real property as a proper exercise of defendants' police powers. In *Udelefsky* v. *City of Long Beach* (N. Y. L. J., June 22, 1970, p. 17, col. 1, affd. *sub nom. Halpern* v. *City of Long Beach*, 38 A D 2d 1008), the court was faced with a suit which was identical to that presently before us. That case involved the question of enforcement, against similar premises on the same street in Long Beach as the one involved in the instant suit, of the same ordinance which plaintiffs at bar attack. The *Udelefsky* case was tried before Mr. Justice Derounian, who dismissed the complaint, holding (1) that the plaintiffs had failed to establish that cooking in the rooms of their boarding house did in fact exist as a valid pre-existing nonconforming use and failed to prove that the enactment of the ordinance involved, chapter 7 (art. 1, § 7–132) of the Municipal Code of the City of Long Beach, as applied to the plaintiffs' premises, was an abuse of the police power of the city and (2) that, even if a nonconforming use did exist, the ordinance could properly and legally act to extinguish it (see *Udelefsky* v. *City of Long Beach*, Sup. Ct., Nassau County [decided June 16, 1970, Index No. 1138/70]). This court affirmed without opinion. The case at bar involves the very same questions and principles. Martuscello, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.

■ PAULA D. ISAACSON et al., Individually and as Parents and Guardians of ERICA L. ISAACSON, Respondents, v. ADRIANNE KESTEN, Appellant. (Action No. 1.) (And Another Title.) — Order of the Supreme Court, Kings County, dated October 16, 1973, affirmed, without costs (*Vassar* v. *Jackson*, 72 Misc 2d 652, affd. 42 A D 2d 693). Martuscello, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.