■ BARBARA JORDAN, an Infant, by Her Parent and Natural Guardian, THOMAS R. JORDAN, et al., Plaintiffs, v. COUNTY OF SCHOHARIE, Defendant, and TOWN OF COBLESKILL, Defendant and Third-Party Plaintiff-Appellant. THOMAS J. DE PRIMA, Jr., Third-Party Defendant-Respondent.— Appeal from an order of the Supreme Court at Special Term, entered November 12, 1973 in Schoharie County, which dismissed the third-party complaint. On February 23, 1969 Barbara Jordan was injured when the car driven by respondent left the traveled portion of the highway on Quarry Road in the Town of Cobleskill, Schoharie County, and struck a tree. On January 29, 1971 the plaintiffs settled with respondent in a separate action. In the meantime in the instant action appellant brought a third-party action against the respondent seeking indemnity should it be found liable to the plaintiffs. Respondent then moved to dismiss appellant's third-party complaint which motion Special Term granted, and the instant appeal ensued. It is conceded that since the plaintiffs settled with respondent prior to the Court of Appeals decision in *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143), appellant cannot predicate a right of indemnity under the theory enunciated in that case (*Codling* v. *Paglia,* 32 N Y 2d 330, 334). However, appellant urges that its right to indemnity is not premised on *Dole* but on the common-law principle that it is entitled to indemnity since its negligence is passive whereas respondent's is active citing *Jackson* v. *Associated Dry Goods Corp.* (13 N Y 2d 112). While the principle urged by respondent is clearly viable, in determining whether active or passive negligence is asserted the allegations of the complaint are controlling. Moreover, acts of omission as well as acts of commission can constitute active negligence (*Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.,* 9 N Y 2d 426). The complaint in the instant action

premises liability against the appellant on the grounds it failed to warn motorists of a dangerous condition and failure to remedy such condition. These allegations assert active negligence (*Meisner* v. *Healey*, 18 A D 2d 368) and, thus, the third-party complaint was properly dismissed (*Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447). Order affirmed, with costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.