DOROTHY L. DURY, Appellant, v FRANK DUNADEE, Respondent.

Fourth Department, May 21, 1976

*Hancock, Estabrook, Ryan, Shove & Hust (Robert Small* of counsel), for appellant.

*Louis S. Petrone (Marcus Curry* of counsel), for respondent.

CARDAMONE, J. The sole issue on this appeal is whether Dorothy Dury's (plaintiff's) prior general release of the defendant (Frank Dunadee) bars her present action against this defendant for contribution under CPLR 1401 *(Dole v Dow Chem. Co.,* 30 NY2d 143).

A two-car accident occurred in Mohawk, New York on February 14, 1970. Dorothy Dury, owner and operator of one car, was in collision with Frank Dunadee, owner and operator of the other vehicle. Mildred Dunadee, a passenger in her husband's auto, brought an action against Dury for her injuries. Dorothy Dury, in turn, commenced an action against Frank Dunadee for her injuries. On March 22, 1972 *Dole v Dow Chem. Co.,* was decided. About six months later, on October 9, 1972 Mrs. Dury settled her action against Frank Dunadee and upon receipt of $1,600 signed and delivered a general release to him. It is this general release which Dunadee now claims is a bar to plaintiff Dury's claim for contribution from him. Dury's claim against Mr. Dunadee arose because Mildred Dunadee obtained a judgment in her negligence action against Dorothy Dury for $3,673.56 which was affirmed by this court (45 AD2d 821) and paid to Mrs. Dunadee in July, 1974. After paying Mrs. Dunadee, Dorothy Dury commenced an action directly against Frank Dunadee, as defendant, for contribution apportioning Mildred Dunadee's judgment. Plaintiff Dury alleges in her complaint, served on defendant Frank Dunadee on July 29, 1974, that the "affirmative and primary negligence" of the defendant (Mr. Dunadee) in failing to stop at a stop sign when crossing Main Street and failing to keep a proper lookout was the "major factor" in causing his wife's injuries. Thus, plaintiff seeks judgment against Mr. Dunadee for his proportionate fault in causing Mrs. Dunadee's injuries.

Mr. Dunadee's answer to plaintiff Dury's complaint asserted the affirmative defense of the release executed and delivered to him by Mrs. Dury, dated October 9, 1972 upon which release he moved for summary judgment. The release, on a printed form, recited consideration of $1,600 paid by Frank Dunadee in exchange for Mrs. Dury's promise to release and discharge Mr. Dunadee "from all, and all manner of action and actions, etc.". This printed promise was augmented by the following typewritten promise: "And especially from any and

all liability for personal injuries and medical expenses and hospital bills directly or indirectly resulting therefrom by reason of an automobile accident that occurred on or about February 14, 1970 at the intersection of Richfield Street and East Main Street in the Village of Mohawk, N. Y. in which an automobile owned and operated by the said Dorothy L. Dury came in collision with an automobile owned and operated by the said Frank Dunadee, and the said Dorothy L. Dury was injured and her motor vehicle was substantially damaged. It is understood that this release also covers and releases the $100.00 deductible portion of the property damage claim resulting from said accident, and it is further understood that the remaining portion of the subrogated property damage claim is owned by and reserved by the collision carrier and stands unimpaired by this release."

In opposition to Mr. Dunadee's motion for summary judgment, Mrs. Dury's counsel alleged that the above release was "directly related" to Dury's prior action for her own personal injuries which had been instituted and settled in 1972. He also noted that the release expressly referred only to "any matter or thing from the beginning of the world up to the *date of* these presents". Thus, because the present claim for contribution was not commenced until 1974, two years after the date of the release of October, 1972 plaintiff claims that the release did not discharge the contribution claim but only "the personal injury claim of Dorothy Dury".

Special Term denied plaintiff's motion for summary judgment and granted defendant's motion, concluding that the defendant was not estopped from raising the defense of release and that the release discharged plaintiff's claim for contribution citing *Vassar v Jackson* (72 Misc 2d 652, affd 42 AD2d 693). We cannot agree.

Releases are contracts whose interpretation is governed by principles of contract law *(Mangini v McClurg,* 24 NY2d 556, 562). "Where the language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed" *(Matter of Schaefer,* 18 NY2d 314, 317). The releases which arise out of personal injury accidents, however, are subject to highly specialized rules of interpretation *(Mangini v McClurg, supra,* pp 562-564). We recently stated that "in determining what claims or causes of action are covered by a release much depends upon the purpose for which it was executed. 'So if, from the recitals therein or

otherwise, it appears that the release is to be limited to only particular claims, demands, or obligations, the instrument will be operative as to those matters alone, and will not release other claims, demands or obligations' (49 NY Jur, Release and Discharge, § 33, p 405). Thus, the general words of release are limited by a recital of a particular claim" *(Topat Equip. Co. v Porter,* 50 AD2d 1098). Plainly a release should not be construed to dispose of matters which the parties themselves did not desire or intend *(Cahill v Regan,* 5 NY2d 292, 299).

These general rules resolve the present case. The broad language—"any and all liability for personal injuries and medical expenses and hospital bills directly or indirectly resulting therefrom by reason of [a specified] automobile accident"—would seem on its face to include any claim for contribution among joint or concurrent tort-feasors (CPLR art 14) arising out of that accident. But, the further recitation of only Dorothy Dury's personal injury and property damage might well indicate that only actions for her damages were considered and released. Moreover, the entire $1,600 consideration for the release was apparently received by Mrs. Dury, and her personal injury action against Frank Dunadee was settled on the execution and delivery of this October 9, 1972 release. The record contains scant evidence with respect to the circumstances surrounding who and what was negotiated prior to its execution, and its draftsman is not revealed. Since the language of the release in the present case is ambiguous, it cannot be determined as a matter of law whether the release was intended to discharge the instant claim for contribution.

We hold, therefore, that Mrs. Dury's general release of Mr. Dunadee at the conclusion of her negligence action against him for her personal injuries does not as a matter of law bar her later claim for contribution from him when she is sued by a passenger in his car. Where there exist undisputed factual allegations that the contribution claims under *Dole v Dow* were neither bargained for nor discussed in release negotiations and that the consideration paid was exclusively for compensation of the releasor's injuries, the general release executed and delivered will not release the right of apportionment *(Tarantola v Williams,* 48 AD2d 552). Of course, it follows that where such contribution claims are included in release negotiations a contrary result should obtain.

This is not an appropriate case for summary judgment which would either dismiss the plaintiff's complaint or dismiss

the affirmative defense of release because the parties' intent—a fact question—has been placed in issue (CPLR 3212; *Walker v Maeweather,* 76 Misc 2d 671). Rather, the plaintiff's complaint should be reinstated and this matter remitted for an immediate trial on the issue of intent (CPLR 3212, subd [c]).

MARSH, P. J., SIMONS, MAHONEY and GOLDMAN, JJ., concur.

Order, granting defendant's motion for summary judgments, unanimously reversed, without costs and motion denied.

Order, denying plaintiff's cross motion to strike affirmative defense of release and for summary judgment, unanimously affirmed, without costs.