■ EMILIA BURDICK, Plaintiff, v TONY PINTARELLI et al., Defendants and Third-Party Plaintiffs-Respondents. WILLIAM J. KINN, as Executor of FRANK H. TAYLOR, Deceased, Third-Party Defendant-Appellant.—Appeal by the third-party defendant from an order of the Supreme Court at Special Term, entered October 2, 1975 in Rensselaer County, which denied a motion to dismiss the third-party complaint. The present action arises out of an automobile accident which occurred on February 6, 1971. Plaintiff was a passenger in an automobile owned and being operated by Frank Taylor, the third-party defendant's testate, which was in collision with a vehicle owned by defendant and third-party plaintiff Gilbert Stores, Co., Inc., and operated by defendant third-party plaintiff Tony Pintarelli. On March 2, 1972 plaintiff entered into a settlement agreement with a covenant not to sue with the representative of Taylor's estate and, thereafter, commenced the present action alleging active negligence on the part of the defendants. The defendants brought a third-party action against the estate of Taylor. The third-party defendant moved to dismiss the complaint in such action on the grounds that the settlement agreement and covenant not to sue precluded the third-party plaintiff from seeking indemnification or contribution. Special Term denied the motion and this appeal ensued. In *Jordan v County of Schoharie* (46 AD2d 716) and *Valentino v State of New York* (44 AD2d 338) we considered the precise issue presented on this appeal, and, relying on *Codling v Paglia* (32 NY2d 330, 344), we held that the decision of *Dole v Dow Chem. Co.* (30 NY2d 143) should not be retroactively applied to a pre-*Dole* settlement and covenant not to sue entered into between an injured party and one of two potential joint tort-feasors. Thus, Special Term improperly denied the motion to dismiss the third-party complaint and the order must be reversed. Order reversed, on the law and the facts, and motion to dismiss the third-party complaint granted, with costs. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.