■ Mildred Short, an Infant by Albert Short, Her Parent, et al., Plaintiffs, v Robert J. Thygiesen, Respondent, and Donald G. Dibble, Appellant.—Order and judgment unanimously reversed, with costs, and motion denied. Memorandum: Defendant Donald G. Dibble appeals from an order and judgment granting defendant Robert J. Thygiesen's motion for dismissal of Dibble's cross claim against him in plaintiffs' negligence action against these two defendants to recover for injuries which the infant plaintiff suffered on October 18, 1972 while a passenger in Thygiesen's automobile when it was in collision with defendant Dibble's automobile. Plaintiffs' action was begun in January, 1973. In June, 1973 defendant Thygiesen settled with plaintiffs for the sum of $10,000 in exchange for a release in which plaintiffs reserved all rights against defendant Dibble. Thereafter Dibble served an amended answer to the complaint, containing a cross claim against Thygiesen. It is from the order and judgment granting Thygiesen's motion for dismissal of that cross claim that Dibble appeals. Special Term rested its decision on the fact that the Court of Appeals has held that the principle of its *Dole v Dow Chem. Co.* (30 NY2d 143) decision shall apply to all cases after its date, March 22, 1972 (see *Kelly v Long Is. Light. Co.,* 31 NY2d 25, 29, n 3). Effective September 1, 1972, section 15-108 of the General Obligations Law provided that a payment from a released co-tort-feasor only reduced plaintiff's claim against all defendants in the amount of the payment, but the right of contribution between co-tort-feasors

remained (L 1972, ch 830, § 3; *Blass v Hennessey,* 44 AD2d 405). Effective September 1, 1974, section 15-108 of the General Obligations Law was amended to provide that a settlement by one co-tort-feasor reduces plaintiff's claim by the amount thereof *and* to the extent of the settling tort-feasor's *culpability* for plaintiff's injuries, but it denies to the remaining co-tort-feasor the right of contribution from the settling tort-feasor. The 1974 amendment appears to be a very equitable solution of this aspect of problems arising since *Dole v Dow Chem. Co. (supra).* Nevertheless it cannot properly be applied ex post facto in cases where rights were fixed before the amendment. At the time of plaintiffs' accident and when defendant Thygiesen made his settlement, defendant Dibble's rights were as established under the principle declared in *Dole v Dow Chem. Co., (supra),* and as then provided in section 15-108 of the General Obligations Law (cf. *Burdick v Pintarelli,* 52 AD2d 1027). Those rights may not properly be denied to him by later evolving legislation. (Appeal from order and judgment of Monroe Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.