■ GAIL L. BENZINGER et al., Plaintiffs, v DERETH A. WOCHENSKY et al., Respondents, and CHESAPEAKE & OHIO RAILWAY Co. et al., Appellants, et al., Defendant.—Order unanimously reversed, without costs, and motion granted. Memorandum: On November 25, 1968 an automobile owned by respondent Edward J. Wochensky and operated by respondent Dereth A.

Wochensky collided with a railroad train which was being operated by appellant Chesapeake & Ohio Railway Co. (C & O) over the right of way of appellant Erie Lackawanna Railway Co. (Erie) in the Town of Tonawanda. One Gail L. Benzinger was a passenger in the Wochensky vehicle. On December 3, 1969 respondents commenced an action against both C & O and Erie. The suit was reached for trial in January, 1972 and was settled by a $750 payment to respondents, in return for which they executed a general release "in settlement of all claims of [respondents], arising out of accident of November 25, 1968". In October, 1972 an action was brought by the passenger Gail Benzinger and her husband by service of a summons on C & O, Erie and the Wochenskys. No complaint was served until August 16, 1976 and C & O and Erie rejected the complaint as untimely. A motion by the Benzingers to compel acceptance of the complaint was denied in December, 1976 and a notice of appeal was filed by the Benzingers. During September, 1976 the respondents served amended answers upon the attorneys for both railroads. A motion was then brought by C & O and Erie to dismiss respondents Wochenskys' cross claims on the basis of the release executed on January 26, 1972. It is from the denial of this motion that this appeal is taken. This dispute arises by reason of the decision as to rights of apportionment and contribution decided on March 22, 1972 in the case of *Dole v Dow Chem. Co.* (30 NY2d 143). Appellants urge that the *Dole* rights were not in existence at the time of the execution of the release and "could not be said to be within the reasonable contemplation of any of the parties to the release." The only appellate decisions on the subject support appellants' contention *(Vassar v Jackson,* 72 Misc 2d 652, affd without opn 42 AD2d 693; *Isaacson v Kesten,* 45 AD2d 735). In both of these decisions the Second Department adopted Special Term's reasoning in *Vassar* stated (p 655): "As to the effect given by the court to the release at bar, it seems obvious that the accepted and settled law of contracts was not affected by the holdings in *Dole v. Dow Chem. Co.* (30 N. Y. 2d 143, *supra)* or its progeny. The general release is a complete, unambiguous instrument which cannot be affected by the subsequent birth of remedies not reserved against by the releasor in the absence of grounds for reformation". In *Tarantola v Williams* (48 AD2d 552) the Second Department reconciled the result in *Vassar (supra),* and *Isaacson (supra),* with those cases involving releases executed subsequent to *Dole* in this statement (p 555): "While it is true that the parties to the pre-*Dole* releases could not possibly have contemplated the release of the then nonexistent rights created by *Dole,* there are policy considerations akin to *res judicata* which apply to positions taken pre-*Dole* which do not apply to actions after the *Dole* decision." The principle upon which we base our determination was succinctly stated by Judge Jones in this statement in *Codling v Paglia* (32 NY2d 330, 344): "The participation of the parties in this settlement was completed prior to our decision in *Dole.* In our view it would be inappropriate on these facts to undo what has been done and, on the basis of present law, to nullify actions taken by the parties in reliance on the law as it then stood." Our decision in *Dury v Dunadee* (52 AD2d 206, app dsmd 40 NY2d 845) is distinguishable from the case at bar. We there found the release ambiguous and directed a hearing on the issue of intent. No such ambiguity exists in the instant case. The release was clear in its intent that it was executed in settlement of "all claims." (Appeal from order of Erie Supreme Court—dismiss cross claim.) Present—Marsh, P. J., Moule, Denman, Goldman and Witmer, JJ.