■ In the Matter of ALVARO E. TORRES, Individually and as Father and Natural Guardian and Administrator of the Estates of PAUL TORRES and Others, Infants, Deceased, and as Administrator of the Estate of FAY L. TORRES, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 60080.)—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: On December 26, 1975 Alvaro Torres, his wife and his three children were seriously injured when the automobile in which they were riding skidded on icy pavement and collided with an oncoming tractor trailer. Torres was the owner and operator of the automobile. As a result of the injuries they sustained in the collision, Torres' wife and three children died. Torres filed two claims against the State in the Court of Claims: the first as father, natural guardian and administrator of the estates of his three children and as administrator of the estate of his wife, for wrongful death and conscious pain and suffering; the second, as an individual, for his personal injuries. By permission of the court, the State filed a counterclaim against Torres individually, seeking contribution for any damages recovered by him as representative of the estates of his wife and children. Thereafter, Torres, as "sole surviving heir" of his three children, released himself individually from any claims arising from the automobile collision in consideration of a $30,000 settlement ($10,000 for each child) from his automobile liability insurer. On the basis of this release, Torres unsuccessfully moved for partial summary judgment dismissing the counterclaim for contribution. A release given in good faith by an injured person to one of two or more persons claimed to be liable in tort for the same injury or wrongful death relieves the released tort-feasor from liability to any other person for contribution (General Obligations Law, § 15-108, subd [b]). The "good faith" requirement was imposed to assure that an injured party would not collusively release one wrongdoer for a small amount in return for a promise to co-operate improperly in an attempt to extract from the other wrongdoers more than their equitable share of the damages. (Twelfth Annual Report of the Judicial Conference on the CPLR, McKinney's 1974 Session Laws, pp 1818-1819). Here, Torres, as a representative for the estates of his children, released himself individually from liability for any claims arising from the automobile collision. This release was given in exchange for substantial consideration. The State has shown no fact to support its assertion that this release was given in bad faith and there is no evidence of collusion. Therefore, no triable issue of fact is presented as to the good faith of the release. As a settling tort-feasor with no potential liability for contribution (see *Mielcarek v Knights,* 50 AD2d 122, 127), Torres is entitled to summary judgment dismissing the counterclaim insofar as the State seeks contribution from him for any recovery against the State on behalf of the children. Insofar as the State seeks contribution for any recovery on behalf of Torres' wife, however, the counterclaim should not be dismissed inasmuch as Torres has not been released from liability for the injuries to his wife. (Appeal from order of Court of Claims—dismiss counterclaim.) Present—Moule, J. P., Simons, Dillon, Hancock, Jr., and Schnepp, JJ.