OPINION OF THE COURT
Norman C. Ryp, J.
Pursuant to CPLR article 14 and section 15-108 of the General Obligations Law, plaintiff moves and third-party defendant renews its motion to dismiss the third-party complaint following a "deadlocked” jury and "mistrial” declared by the court, under CPLR 4402, prior to retrial.
For whom the liability bells Dole?
A. ISSUES
Does a 1970 pretrial settlement truly and finally release the settling parties from all subsequent, including third-party, tort liability at a 1980 trial? This precise issue appears to be one of first impression.
Specifically, does a pretrial settlement between a passenger and his motorcycle owner and operator made prior to Dole v Dow Chem. Co. (30 NY2d 143 [1972; hereinafter Dole]), providing for apportionment of liability among joint tort-feasors, and prior to the statutory codification thereof, in CPLR article 14 (L 1974, ch 742, eff Sept. 1, 1974), and section 15-108 of the General Obligations Law (L 1974, ch 742, eff Sept. 1, 1974), completely release the settling tort-feasor?
Do the principles of Dole and the provisions of CPLR article 14 and section 15-108 of the General Obligations Law, both effective September 1, 1974, apply retroactively to the 1970 settlement at a 1980 trial? These questions require resolution herein.
B. FACTS & PROCEDURAL HISTORY
This is an action by a motorcycle passenger against the owner, operator and lessee of another automobile to recover damages in the sum of $1,500,000 for personal injury, medical and hospital expenses, and loss of earnings. It arises out of an intersection collision on June 2, 1969 at Eleventh Avenue and West 57th Street, New York, New York. The plaintiff, Jack Winter, television writer, commenced the action on April 20, 1970, against Roadking, Inc., Heublein, Inc., and James Angelone, respective owner, lessee, and operator of the motor vehicle.
*1082 On or about February 4, 1970, before the commencement of the action, plaintiff executed and delivered a general release running to Jose M. Ferrer, III, owner and operator of the motorcycle upon which plaintiff was a passenger, with a reservation of rights to proceed against any other person involved in the June 2, 1969 accident. (Thus, this instrument is construed as a covenant not to sue and not as a general release; see Plath v Justus, 28 NY2d 16, 19.)
Thereafter, defendants interposed an answer asserting general denials. Subsequently, on or about July 17, 1973, defendants impleaded as a third-party defendant said Jose M. Ferrer, III, with a claim over for indemnification. Thereafter, on or about August 29, 1973, the third-party defendant interposed a third-party answer asserting general denials.
Thereafter, on January 28, 1976, third-party defendant moved to dismiss the third-party complaint, pursuant to CPLR 3211, article 14 and section 15-108 of the General Obligations Law upon the grounds of the prior 1970 release by plaintiff. This motion was denied, without prejudice to renew at the trial, by order of Mr. Justice Hyman Korn, dated February 20, 1976. Such motion was renewed at the trial, which ended in the withdrawal of juror, pursuant to CPLR 4402, after undue deadlock in jury deliberations, and dismissal of the jury, subject to retrial.
C. APPLICABLE STATUTES
1. Pre-Dole, CPLR 1401 (L 1962, ch 308 [eff Sept. 1, 1963] as amd by L 1964, ch 388 [eff Sept. 1, 1964]) reads as follows: "§ 1401. Action by one joint tort-feasor against another. Where a money judgment has been recovered jointly against defendants in an action for a personal injury or for property damage, each defendant who has paid more than his pro rata share shall be entitled to contribution from the other defendants with respect to the excess paid over and above his pro rata share; provided, however, that no defendant shall be compelled to pay to any other such defendant an amount greater than his own pro rata share of the entire judgment. Recovery may be had in a separate action, or a judgment in the original action against a defendant who has appeared may be entered on motion made on notice in the original action.”
2. Post -Dole, CPLR article 14 (L 1974, ch 742 [eff Sept. 1, 1974]) reads as follows:
"§ 1401. Claim for contribution. Except as provided in sec *1083 tian 15-108 of the general obligations law, two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person for whom contribution is sought.
"§ 1402. Amount of Contribution. The amount of contribution to which a person is entitled shall be the excess paid by him over and above his equitable share of the judgment recovered by the injured party; but no person shall be required to contribute an amount greater than his equitable share. The equitable shares shall be determined in accordance with the relative culpability of each person liable for contribution.
"§ 1403. How contribution claimed. A cause of action for contribution may be asserted in a separate action or by cross-claim, counterclaim or third-party claim in a pending action.”
3. Section 15-103 of the General Obligations Law (L 1963, ch 576 [eff Sept. 27, 1964]) reads as follows: "§ 15-103. Consideration to be credited to co-obligor. The amount or value of any consideration received by the obligee from one or more of several obligors, or from one or more of joint, or of joint and several obligors, in whole or in partial satisfaction of their obligations, shall be credited to the extent of the amount received on the obligations of all co-obligors to whom the obligor or obligors giving the consideration did not stand in the relation of a surety.”
4. Section 15-108 of the General Obligations Law (L 1974, ch 742 [eff Sept. 1, 1974]) reads as follows:
"§ 15-108. Release or covenant not to sue.
"(a) Effect of release of or covenant not to sue tortfeasors. When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor’s equitable share of the damages under *1084 article fourteen of the civil practice law and rules, whichever is the greatest.
"(b) Release of tortfeasor. A release given in good faith by the injured person to one tortfeasor as provided in subdivision (a) relieves him from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules.
"(c) Waiver of contribution. A tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person.”
D. APPLICABLE LAW
1. Pre-Dole
An examination of relevant case law prior to Dole is essential to an analysis of the legal issues raised herein. A decision rendered only five days before Dole definitively expressed the law of New York regarding contribution and settlement, stating that "contribution cannot be had as against a defendant who settles with plaintiff prior to judgment.” (Altman v Liberty Equities Corp. 54 FRD 620, 624.) The court, in so holding, interpreted pre-DoZe CPLR 1401, as construed by New York State and Federal courts. Pre-DoZe CPLR 1401 provided that a defendant paying in excess of his pro rata share in a personal injury or property damage action could seek contribution from the other defendants if there had been a joint recovery of a money judgment. In the case at hand, there has been no money judgment nor original joint action.
Another decision prior to Dole involving a pretrial settlement with a third-party tort-feasor held that it was proper to reduce a subsequent judgment by the amount of the prior settlement. In this instance, the settling alleged tort-feasor was not a joint defendant on the trial nor was any verdict ever rendered jointly against the settling tort-feasor and the other tort-feasors. The court held that CPLR 1401 was not applicable but that, pursuant to section 15-103 of the General Obligations Law, payments by one joint tort-feasor on account of his liability reduced pro tanto the amount of damages recoverable against the other joint tort-feasors (Bellamy v Prime, 25 AD2d 923).
2. Post-Dole
In determining the key questions presented, applicable post-Dole case law illustrates definite direction. It has been held *1085 that the principles enunciated in Dole will not be applied retroactively to a voluntary settlement executed prior to Dole (March 22, 1972) for it is inappropriate to nullify actions of the parties taken in reliance on the law as it stood at that time. This reasoning, in fact, has resulted in' the dismissal of a cross claim in a negligence action. (Codling v Paglia, 32 NY2d 330, 344; see Oliver v Washburn, 46 AD2d 977, affd 39 NY2d 989.)
In addition, the Appellate Division, Third Department, articulated a correct statement of the law in this regard in Valentino v State of New York (44 AD2d 338, 341). It held that Dole, rendered on March 22, 1972, should not be retroactively applied to a binding settlement agreement reached prior to that date and that the terms of the agreement must govern the relative positions of the parties. The court reasoned that if there were a valid stipulation absolving a party of possible future liability, the rationale of Dole must not be utilized to prejudice that party by exposing him to liability which did not previously exist. In fact, it has been more recently decided in the Third Department that the Dole rationale should not be retroactively applied to a pre-Dole settlement and covenant not to sue entered into between an injured party and one of the potential joint tort-feasors. Thus, it is improper to deny a motion to dismiss the third-party complaint (Burdick v Pintarelli, 52 AD2d 1027).
Moreover, the Fourth Department has supported the contention that Dole rights not in existence at the time of the execution of a release cannot be said to have been within the reasonable contemplation of any of the parties to the settlement and that a general release cannot be affected by a subsequent creation of remedies not reserved against by the releasor, absent grounds for reformation. The release was given post -Dole effect and the settling parties had no Dole rights of apportionment or contribution assertable against the released party (Benzinger v Wochensky, 59 AD2d 652).
It is noteworthy that in another situation in which both the date of the accident and the date of the instrument of release were antecedent to Dole, it was decided that the releasor gave up whatever cause he had in futuro, and it was noted that a release will be construed strictly against the releasor (Vassar v Jackson, 72 Misc 2d 652).
Case law interpreting the legislative codification of Dole has evidenced a similar trend. It has been held that amended *1086 section 15-108 of the General Obligations Law cannot properly be applied ex post facto when rights were fixed before the amendment. (Short v Thygiesen, 54 AD2d 1082, 1083.)
It was similarly held that the statutory amendments to section 15-108 of the General Obligations Law and CPLR article 14 were not intended by the Legislature to be given retroactive application so that the right of a codefendant to cross claim against a moving defendant is established as of the date of the accident (Collalto v Collalto, 82 Misc 2d 597).
Most recently, in the First Department, it has been definitively decided that amended section 15-108 does not apply retroactively in Kaye 1969 Assoc. v Lese (72 AD2d 728; citing Oliver v Washburn, 46 AD2d 977, affd 39 NY2d 989, supra). The latter decision held, in fact, that under controlling case law, a general release executed prior to the date of statutory amendment provided a complete defense, resulting in dismissal of a complaint against a third-party defendant.
CONCLUSION
The conclusion seems irresistible, therefore, that in the subject case involving a 1969 accident and a 1970 settlement both occurring prior to Dole in 1972 and its subsequent statutory codifications in section 15-108 of the General Obligations Law and CPLR article 14, there is no retroactive application of Dole principles. The settling parties’ rights were fixed before the existence of Dole apportionment and cannot subsequently be altered by anyone. Therefore, the settlement does truly and finally release herein, and such release does totally absolve the third-party defendant. Plaintiff’s covenant not to sue third-party defendant herein must govern. Accordingly, the cross motion to dismiss the third-party complaint is granted and the case is remanded to the Conference and Assignment Part, Team III, Calendar of May 12, 1980 retrial or other disposition.