■ JAMES POLI, Individually and as Father and Natural Guardian of JAMES POLI, an Infant, et al., Plaintiffs, v ROBERT H. GARA, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants, et al., Third-Party Defendant. TOWN OF CLARKSTOWN, Third-Party Defendant-Appellant. — In a medical malpractice action, the third-party defendant Town of Clarkstown appeals from an order of the Supreme Court, Rockland County (Leggett, J.), entered September 21, 1981, which denied its motion to dismiss the third-party complaint as against it. Order reversed, on the law, with $50 costs and disbursements, and motion to dismiss the third-party complaint as against the town is granted. The Town of Clarkstown reached a settlement with plaintiffs and obtained a release from liability on May 4, 1971. Thereafter, in August, 1977, plaintiffs commenced this action against third-party plaintiff and others. A third-party complaint seeking contribution was served upon the town in April, 1980. The town moved to dismiss the third-party complaint and Special Term denied the motion. We reverse. Where both the date of the accident and the date of the instrument of release were antecedent to *Dole v Dow Chem. Co.* (30 NY2d 143), the rationale of *Dole* may not be utilized to prejudice the settling party by exposing him to liability which did not previously exist (*Codling v Paglia,* 32 NY2d 330, 344; *Valentino v State of New York,* 44 AD2d 338, 341; *Burdick v Pintarelli,* 52 AD2d 1027; *Benzinger v Wochensky,* 59 AD2d 652). Damiani, J. P., Titone, Lazer and Gibbons, JJ., concur.