■ MICHAEL MITCHELL et al., Plaintiffs, v NEW YORK HOSPITAL, Defendant and Third-Party Plaintiff-Respondent. SYSKA & HENNESSY, INC., et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. — In a negligence action to recover damages for personal injuries, etc., third-party defendants Syska & Hennessy, Inc., Ultilex Demolition, Inc., and Wolf and Munier, Inc., appeal from an order of the Supreme Court, Kings County (Monteleone, J.), dated April 2, 1982, which denied their motions for, *inter alia,* summary judgment against the third-party plaintiff New York Hospital on the issues of contribution and indemnification. Order reversed, on the law, without costs or disbursements, the third-party defendants' motions for summary judgment are granted as to the issue of contribution, third-party defendant Syska & Hennessy's motion is also granted as to the issue of contractual indemnity and the motions are otherwise denied. It is well settled that a tort-feasor who has obtained its release from liability prior to a judgment, as the third-party plaintiff hospital did here by entering into a stipulation of settlement with plaintiffs, "shall not be entitled to contribution from any other person" (General Obligations Law, § 15-108, subd [c]; *Lettiere v Martin Elevator Co.,* 62 AD2d 810, affd 48 NY2d 662; *Flood v Re Lou Location Engr.,* 487 F Supp 364, affd 636 F2d 1201, 1202). Thus, despite the stipulation to the contrary, third-party plaintiff could not receive contribution from the third-party defendants, and its cause of action seeking such relief must be dismissed. The hospital is also incorrect with respect to its contention that the third-party defendants are estopped from denying the terms of the stipulation. Its rights with respect to this issue have been defined by statute, and cannot therefore be circumvented by an agreement to the contrary. "[A]n estoppel does not originate a legal right; it merely forbids the denial of a right claimed otherwise to have arisen" (*Morrill Realty Corp. v Rayon Holding Corp.,* 254 NY 268, 275). Third-party defendant Syska & Hennessy, Inc., is entitled to summary judgment against the hospital on the hospital's claim of contractual indemnity. Syska & Hennessy explicitly denied the existence of any contract between the parties upon which a claim of indemnity could be based, and the hospital neither refuted this denial nor offered any evidence in its own behalf with respect to the issue (see *Kahn v City of New York,* 37 AD2d 520, affd 30 NY2d 690). However, Trial

Term properly denied all other parts of the third-party defendants' motions for summary judgment as there existed on the face of all the papers submitted issues of fact to be resolved at trial thereby precluding such relief (see *Ugarriza v Schmieder,* 46 NY2d 471; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Yates v Dow Chem. Co.,* 68 AD2d 907, 909). Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.