# (January 12, 1984)

■ LEONARD A. GALANTE, Plaintiff, v LAZAROS THEODORAKAKIS et al., Defendants and Third-Party Plaintiffs-Respondents. ST. VINCENT'S HOSPITAL &

Medical Center of New York, Third-Party Defendant-Appellant. LEONARD A. GALANTE, Plaintiff, v ST. VINCENT'S HOSPITAL & MEDICAL CENTER OF NEW YORK, Appellant. — Order of Supreme Court, New York County (Andrew J. Tyler, J.), entered August 9, 1982, denying the motion of the defendant-appellant and third-party defendant-appellant, St. Vincent's Hospital & Medical Center of New York, for summary judgment and dismissal of the third-party complaint and granting consolidation of the within actions to the extent of permitting a joint trial, is unanimously reversed, on the law, with costs, and the motion for summary judgment dismissing the third-party complaint is granted and the third-party complaint is dismissed. On July 15, 1978, the plaintiff Leonard A. Galante, was struck and injured by an automobile owned by Agnes Theodorakakis and operated by Lazaros Theodorakakis, the defendants third-party plaintiffs-respondents. He was subsequently treated at the St. Vincent's Hospital & Medical Center for the injuries received, although it appears that when at the emergency room of the hospital initially, he was released without accurate diagnosis or adequate treatment. This conduct is the predicate for the malpractice claims against St. Vincent's. Following commencement of an action by Galante against the Theodorakakises in October, 1979, the Theodorakakises commenced a third-party action against St. Vincent's asserting the alleged malpractice of St. Vincent's and claiming their entitlement to a *Dole v Dow* contribution from St. Vincent's should they be held liable to the plaintiff Galante. Prior to the expiration of St. Vincent's time to serve its answer in the third-party action, the Theodorakakises, who simultaneously with the service of third-party process had served a notice that the principal action would be on the Ready-Day Calendar the next day and that "[a] representative of the hospital is required to be present", settled the principal action with the plaintiff for $95,000. The third-party defendant did not appear and the third-party action was severed. In settling with the Theodorakakises, plaintiff reserved his right to proceed against St. Vincent's for malpractice and the release given to Theodorakakises so provided. Such an action was in fact commenced in August of 1980. St. Vincent's had answered the third-party complaint in December, 1979, after the settlement between Galante and the Theodorakakises. They answered the Galante complaint in the new action in September, 1980. Citing the provisions of subdivision (c) of section 15-108 of the General Obligations Law and outlining the above events, St. Vincent's moved, pursuant to CPLR 3212, for summary judgment dismissing the third-party complaint. Alternatively they sought consolidation of the third-party action with the new action commenced against them by Galante. Apparently agreeing with the contention of the Theodorakakises that because the third-party action was commenced prior to the settlement of the main action, and upon application of their attorney, was severed and permitted to continue as a "separate and distinct action", the provisions of subdivision (c) of section 15-108 of the General Obligations Law were inapplicable, Special Term denied the motion for summary judgment dismissing the third-party complaint and ordered a joint trial of the two actions. This was error. "It is well settled that a tort-feasor who has obtained its release from liability prior to a judgment, as the third-party [Theodorakakis] did here by entering into a stipulation of settlement with plaintiffs, 'shall not be entitled to contribution from any other person' (General Obligations Law, § 15-108, subd [c] [citations omitted])." (*Mitchell v New York Hosp.*, 93 AD2d 832.) It is noteworthy that in *Mitchell,* the third-party plaintiff hospital had purportedly reserved its right to contribution by the terms of the stipulation of settlement. Nevertheless, the Second Department held (p 832) that "despite the stipulation to the contrary, third-party plaintiff could not receive contribution from the third-party defen-

dants, and its cause of action seeking such relief must be dismissed." Concur — Sullivan, J. P., Ross, Fein, Milonas and Alexander, JJ.