■ INDUSTRIAL PRODUCTS OF AMERICA, INC., Appellant, v TELL INDUSTRIES, LTD., et al., Respondents. — In an action to recover $20,000 for property damage occasioned by a fire, plaintiff appeals from an order of the Supreme Court (Gagliardi, J.), dated January 19, 1983, and entered in Orange County, which denied its motion to restore the action to the Trial Calendar. Plaintiff also purports to appeal from an order of the same court, dated May 10, 1983, which denied its motion to reargue. ¶ Appeal from order dated May 10, 1983, dismissed. No appeal lies from an order denying reargument. ¶ Order dated January 19, 1983, affirmed. No opinion. ¶ Defendants are awarded one bill of costs. Lazer, J. P., Niehoff, Boyers and Lawrence, JJ., concur.

■ ILSE JORGENSEN, Respondent, v ARNOLD C. JORGENSEN, Appellant. — In a matrimonial action, defendant husband appeals (1) from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 20, 1983, which denied his motion to vacate and set aside the financial provisions of a stipulation of settlement entered into between the parties in open court on June 21, 1983, and (2) as limited by his brief, from so much of a judgment of the same court, entered July 20, 1983, as determined the financial aspects of the parties' divorce action in accordance with that stipulation. ¶ Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho*, 39 NY2d 241, 248). ¶ Judgment affirmed insofar as appealed from, without costs or disbursements, for reasons stated at Special Term. Mollen, P. J., Gibbons, Thompson and Rubin, JJ., concur.

■ JEANNE KELLY, Plaintiff, v NEW YORK TELEPHONE COMPANY, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. FRANK H. SCHAEFER, Third-Party Defendant-Appellant. — In a negligence action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered September 9, 1983, which denied his motion to sever the third-party action and to dismiss the third-party complaint. ¶ Order reversed, on the law, with costs, motion granted, third-party action severed and third-party complaint dismissed. ¶ Respondent has no cause of action against appellant. Plaintiff in the main action has released appellant in exchange for substantial consideration. Therefore, as a settling tort-feasor with no potential liability for contribution, appellant is entitled to dismissal of the third-party complaint (see General Obligations Law, § 15-108, subd [b]; see, also, *Lettiere v Martin Elevator Co.*, 62 AD2d 810, affd 48 NY2d 662; *Mitchell v New York Hosp.*, 93 AD2d 832, mod on other grounds 61 NY2d 208; *Mielcarek v Knights*, 50 AD2d 122). Niehoff, J. P., Rubin, Boyers and Eiber, JJ., concur.