F. W. WOOLWORTH Co., Plaintiff, v SOUTHBRIDGE TOWERS, INC., Defendant and Third-Party Plaintiff-Appellant. TISHMAN CONSTRUCTION CORP. et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. (And a Fourth-Party Action.)

First Department, May 17, 1984

**APPEARANCES OF COUNSEL**

*Alexander J. Wulwick* of counsel (*Thomas R. Newman* with him on the brief; *Harold M. Foster* and *Siff & Newman, P. C.*, attorneys), for defendant and third-party plaintiff-appellant.

*Anthony J. McNulty* of counsel (*McGovern, Bombara & Claire*, attorneys), for Tishman Construction Corp., third-party defendant-respondent.

*Stephen A. Weingrad* of counsel (*Weingrad & Weingrad, P. C.*, attorneys), for Wachtel Plumbing Company, Inc., third-party defendant-respondent.

*Robert Nizewitz* of counsel (*Gottesman, Wolgel, Smith & Secunda, P. C.*, attorneys), for Gruzen & Partners, third-party defendant-respondent.

MILONAS, J.

Plaintiff F. W. Woolworth Company is a commercial tenant of defendant and third-party plaintiff Southbridge Towers, Inc., a cooperative housing corporation organized under article 11 of the Private Housing Finance Law. The instant action was instituted in October of 1977, and, in it, plaintiff seeks recovery for extensive property damage allegedly caused by the rupture of a water main or pipe which occurred on June 9 or 10 of 1976. At the time of the incident in question, the premises were relatively new, the certificate of occupancy having been issued in November of 1971 and the certificate of acceptability in October of 1973. According to the plaintiff in its bill of particulars, dated August 22, 1979, the damage which it sustained was the result of a water main or pipe break due to the condition of the landfill in which the pipe was located and/or a defect in the water main or pipe itself, the failure to adequately waterproof or insulate the building, and defendant's lack of expeditious and proper response to the emergency created by the rupture.

Shortly before the commencement of Woolworth's suit against Southbridge, the latter brought a separate action against the general contractor, Tishman Construction Corporation, and its sureties for purportedly breaching its contract to construct the project "in a good and workmanlike manner and in accordance with the plans, specifications and other contract documents" and using "inferior, unsuitable, inadequate and defective materials, performed the work in a bad and unworkmanlike manner and otherwise failed to comply with the plans, specifications and other contract documents." However, in January of 1978, the Supreme Court dismissed the complaint therein, finding that the issuance of the certificate of occupancy and the certificate of acceptability constituted conclusive proof that Tishman had fully performed under its contract with Southbridge, and, therefore, Southbridge had no claim for "defective performance" against Tishman. Subsequently, the parties settled Tishman's outstanding demand for final payment, and Southbridge executed a general release of Tishman and its sureties. The release, which was dated

December 7, 1978, recited that it discharged the named releasees from any cause of action or claim in law, admiralty or equity which Southbridge: "ever had, now has or which it or its successors hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents."

The document then proceeded to limit the release of the sureties to claims arising from this particular project but stated that "this release is *unlimited* in so far as it releases Tishman Construction Corporation."

Notwithstanding the release, defendant Southbridge, almost immediately after plaintiff Woolworth filed its note of issue and statement of readiness in February of 1982 in connection with the instant matter, started a third-party action against Tishman; Gruzen & Partners, the architects on the project; Wachtel Plumbing Company, Inc., the plumbing subcontractor; and Anthony Muratore Contracting Co., Inc., the backfill subcontractor. The third-party complaint asserted two causes of action, one for indemnification based upon the carelessness, recklessness and negligence of the third-party defendants and the other for contribution. Although the third-party action was brought some five years following commencement of the main action, there is no indication that the *Woolworth* case was on the verge of trial. Indeed, when third-party defendant Gruzen & Partners moved for a severance of the third-party action, the court, in denying the motion, noted that since a nonjury property damage case generally reaches trial one year after the note of issue is filed, Gruzen & Partners should be able to complete discovery by the time the *Woolworth* case is ready for trial.

At any rate, it appears that by November of 1982, when Gruzen & Partners moved for summary judgment dismissing the third-party complaint, the third-party defendants had already obtained substantial, if not complete, discovery. Thereafter, Tishman and Wachtel also moved for summary judgment dismissing the third-party complaint. Among the grounds advanced by the third-party defendants in support of their requested relief was the release executed by Southbridge in favor of Tishman and its sure-

ties. Special Term, in granting the motions of the third-party defendants, determined that the release in question not only discharged any and all claims Southbridge may have had against Tishman but that "the benefit of that release necessarily runs to the remaining defendants sued here as subcontractors of Tishman".

On appeal, Southbridge relies primarily upon the decision by the Second Department in *Tarantola v Williams* (48 AD2d 552) which held that in the absence of express language to the contrary, a general release cannot be construed as defeating a party's defensive right to either indemnification or contribution. In that case, which concerned an action for personal injuries arising out of a multivehicle automobile accident, defendant was permitted to implead for indemnification and contribution the parties with whom he had previously settled and to whom he had provided a general release. (See, also, *Ruggiero v Mandell,* 49 AD2d 892.) In *Dury v Dunadee* (52 AD2d 206), the Fourth Department, in a similar ruling, concluded that defendant's general release of the owner and operator of a car involved in a collision with her own vehicle "does not as a matter of law bar her later claim for contribution from him when she is sued by a passenger in his car. Where there exist undisputed factual allegations that the contribution claims * * * were neither bargained for nor discussed in release negotiations and that the consideration paid was exclusively for compensation of the releasor's injuries, the general release executed and delivered will not release the right of apportionment" (*supra,* at p 209).

However, in *Benzinger v Wochensky* (59 AD2d 652) the Fourth Department appeared to retreat from its position in *Dury v Dunadee* (*supra*). Plaintiff therein was a passenger in an automobile, owned by respondent Edward Wochensky and operated by Dareth Wochensky, which collided with a train operated by appellant Chesapeake & Ohio Railway Company over the right of way of appellant Erie Lackawanna Railway Company. A lawsuit brought by the Wochenskys against both railroad companies was settled and a general release of all claims was executed. When plaintiff instituted an action against Chesapeake & Ohio, Erie Lackawanna and the Wochenskys, the latter served

certain cross claims upon the two railroad companies. A motion was then made by Chesapeake & Ohio and Erie Lackawanna to dismiss the cross claims because of the prior release. Distinguishing its prior decision in *Dury v Dunadee* (*supra*), the court held that the release precluded the cross claims by the Wochenskys since it was "clear in its intent that it was executed in settlement of 'all claims'" (*supra,* at p 653; see, also, *Matter of Torres v State of New York,* 67 AD2d 814).

The law is clear that where the plaintiff (that is, the injured party) has released a tort-feasor from liability, the settling party may not be sued for contribution by another tort-feasor. (*Kelly v New York Tel. Co.,* 100 AD2d 537; *Poli v Gara,* 89 AD2d 907; *Driscoll v New York City Tr. Auth.,* 53 AD2d 391; see, also, General Obligations Law, § 15-108.) However, in view of the conflicting authority, a situation such as the instant one (in which the release is executed by one tort-feasor in favor of another) presents a more difficult problem.

The release in question here was expressly unlimited with respect to Tishman. Moreover, it was given by Southbridge in connection with its own action against Tishman for construction defects and, most significantly, at a time when Woolworth's suit had already been pending for more than a year. Under those circumstances, it would be anomalous to allow a defendant's claim for contribution and indemnification where the defendant, following commencement of the main action, itself released third-party defendant Tishman, yet preclude such a claim if plaintiff Woolworth had executed the release. (General Obligations Law, § 15-108; *Driscoll v New York City Tr. Auth., supra.*) Consequently, Special Term properly found that the release bars the third-party action by Southbridge against Tishman. Despite Southbridge's contention that it has raised issues of fact sufficient to defeat a motion to dismiss its third-party complaint against Tishman, there is no assertion that the release was in any way the result of duress, illegality, fraud, or mutual mistake. (*Mangini v McClurg,* 24 NY2d 556.)

The Supreme Court, however, was not warranted in extending the protection from liability afforded to Tishman

by the release to its subcontractors. Notwithstanding the lack of a direct contractual relationship between Southbridge, on the one hand, and the architect on the project and the plumbing subcontractor on the other, as the court declared in *Rozner v Resolute Paper Prods. Corp.* (37 AD2d 396, 398, affd 31 NY2d 934): "A contract may create a duty, not otherwise existing, from which negligence may arise, but the negligence arises not because of a breach in the contract but because of a failure to perform the contractual duty with due care. The duty exists by contract, but if the promisor does nothing, he cannot be held liable in tort to a third party * * * The rule is otherwise when the promisor undertakes to perform the duty assumed in the contract. Then liability may arise with respect to one not a party to the contract who is injured by the promisor's failure to perform the duty with reasonable care."

According to the Court of Appeals, "contribution rights on behalf of concurrent wrongdoers have been upheld in numerous circumstances in which the injured party has himself had no right of recovery against a particular third party." (*Garrett v Holiday Inns,* 58 NY2d 253, 259.) Additionally, subdivision (a) of section 15-108 of the General Obligations Law specifically states that a release given to one or more persons liable or claimed to be liable in tort for the same injury "does not discharge any of the other tortfeasors * * * unless its terms expressly so provide". It is, therefore, impossible to perceive how Southbridge's release of Tishman can operate to the benefit of the subcontractors. Further, the contention by Gruzen & Partners and Wachtel Plumbing Company that the Supreme Court decision dismissing Southbridge's action against Tishman (on the ground that the certificate of occupancy and the certificate of acceptability were conclusive evidence of Tishman's full contractual performance) is *res judicata* as to the present third-party complaint is unpersuasive. Regardless of whether or not Southbridge would be authorized to sue the subcontractors directly for damages, the prior Supreme Court determination does not preclude a third-party action for indemnification and contribution.

The other arguments advanced by the third-party defendants are without merit. In this context, the assertion that

Southbridge's third-party action is untimely ignores the unambiguous principle of law that claims for indemnification and/or contribution do not accrue for purposes of the Statute of Limitations until the party seeking indemnification and/or contribution has made payment to the injured person. (*McDermott v City of New York*, 50 NY2d 211; *Bay Ridge Air Rights v State of New York*, 44 NY2d 49; *Klinger v Dudley*, 41 NY2d 362.) As to the request by Gruzen & Partners that in the event the order being appealed herein is modified or reversed and the third-party complaint reinstated, this court should uphold Special Term's severance of the third-party action, the fact is that the motion by Gruzen & Partners for a severance was denied by order of the Supreme Court, New York County (Louis Grossman, J.), entered on July 1, 1982 and was, moreover, separate and apart from the motion to dismiss the third-party complaint. Therefore, Gruzen & Partners are endeavoring to induce this court to, in effect, reverse a prior adverse court ruling which is not even the subject of the appeal before us.

Consequently, the order of the Supreme Court, New York County (Edward J. Greenfield, J.), entered on October 11, 1983, which granted the motions of third-party defendants Tishman Construction Corporation, Gruzen & Partners, and Wachtel Plumbing Company, Inc., for summary judgment dismissing and severing the third-party complaint as to them, should be modified on the law to the extent of denying the motions of third-party defendants Gruzen & Partners and Wachtel Plumbing Company, Inc., for summary judgment dismissing and severing the third-party complaint against them, reinstating the complaint against Gruzen & Partners and Wachtel Plumbing Company, Inc., and otherwise affirmed, without costs or disbursements.

CARRO, J. P., FEIN and KASSAL, JJ., concur.

Order, Supreme Court, New York County, entered on October 11, 1983, unanimously modified, on the law, to the extent of denying the motions of third-party defendants Gruzen & Partners and Wachtel Plumbing Company, Inc., for summary judgment dismissing and severing the third-party complaint against them, reinstating the complaint

against Gruzen & Partners and Wachtel Plumbing Company, Inc., and otherwise affirmed, without costs, and without disbursements.