■ 19TH STREET ASSOCIATES et al., Respondents, v STATE OF NEW YORK et al., Defendants, and BARBARA SOMMERFIELD et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Carol Huff, J.), entered on or about August 29, 1990, which denied a motion by the State defendants for dismissal of the complaint pursuant to CPLR 3211, converted the motion to one for summary judgment pursuant to CPLR 3212, declared Laws of 1989 (ch 473) to be illegal, invalid, null and void, declared that the plaintiffs are not required to offer renewal leases to any of the tenant-defendants, declared that the plaintiffs have the right to enforce a 1982 consent judgment, and permanently enjoined the Attorney General from enforcing chapter 473, unanimously affirmed, without costs.

The IAS Court properly converted the motion to one for summary judgment without notice to the non-State defendants, because the action involves no issues of material fact, but only issues of law fully appreciated and argued by both sides, specifically the constitutionality of chapter 473 (see, Four Seasons Hotels v Vinnik, 127 AD2d 310, 320). The

purported issues of fact raised by the appellants are largely *de hors* the record, and, in any event, legally immaterial to the constitutionality of chapter 473.

We agree with the IAS Court's constitutional analysis to the following extent. The act violates the plaintiffs' right to due process by abrogating a fixed and unreviewable judgment through later legislation *(Short v Thygiesen,* 54 AD2d 1082). Moreover, plaintiffs' right to equal protection under the law is violated by the imposition of a classification whose relationship to the asserted goal of reducing the housing shortage is so attenuated as to render the relevant distinction arbitrary or irrational *(City of Cleburne v Cleburne Living Center,* 473 US 432). The act also grants the tenant-defendants an exclusive privilege to remain in apartments in violation of NY Constitution, article III, § 17, and functions as an improper regulatory taking without compensation, since it denies the owners the economic value of their property and fails to advance substantially a legitimate State interest *(Seawall Assocs. v City of New York,* 74 NY2d 92, 107, *cert denied* 493 US 976). Finally, the act impairs plaintiffs' right to the consent judgment—a contract—without serving a public end by means reasonably adapted to the accomplishment of that end without being arbitrary or oppressive *(Matter of Subway-Surface Supervisors Assn. v New York City Tr. Auth.,* 44 NY2d 101). Since any one of these grounds will support the relief that the plaintiffs seek, that relief was properly granted.

The IAS Court erred in concluding that chapter 473, which has the effect of invalidating a consent judgment between the plaintiffs herein and the State, is unconstitutional for lack of a "home rule message" pursuant to NY Constitution, article IX, § 2 (b) (2). Even though this is a special law in that it applies only to the tenant-defendants herein *(see, Matter of Radich v Council of City of Lackawanna,* 93 AD2d 559, *affd* 61 NY2d 652), a special law does not require a home rule message where it deals with a matter of statewide concern *(Pero v City of Batavia,* 99 AD2d 668, *affd* 63 NY2d 971), such as housing *(Spring Realty Co. v New York City Loft Bd.,* 69 NY2d 657, *appeal dismissed* 482 US 911). Chapter 473 is not a physical taking of property without just compensation, because it does not impose on the plaintiffs new tenants not already in occupancy *(cf., Seawall Assocs. v City of New York,* 74 NY2d 92, *supra).* It is not a bill of attainder, because its primary purpose is not to punish the plaintiffs *(see, Nixon v Administrator of Gen. Servs.,* 433 US 425). It does not violate the doctrine of separation of powers, which prevents one

branch of the government from usurping another's legitimate power to act *(Boreali v Axelrod,* 130 AD2d 107, *affd* 71 NY2d 1), since the judiciary branch would not have the power to invalidate the consent judgment. Concur—Carro, J. P., Milonas, Ellerin, Smith and Rubin, JJ.