Robert MOLL and Lyvia Y.
Moll, Plaintiffs,

v.

SOUTHERN CHARTERS, INC., Norman
Stern, Fairwind Yacht, Inc., William
Farr, Seaward Products, Inc., Marine
Trading International, A Division of
Miller Yacht Sales, Inc., North Fork
Shipyards, Inc., Defendants.

Irene McDERMOTT, Individually and as
Administratrix of the Estate of John
J. McDermott, Deceased, Plaintiff,

v.

SOUTHERN CHARTERS, INC., Norman
Stern, Fairwind Yacht, Inc., William
Farr, Seaward Products, Inc., Marine
Trading International, A Division of
Miller Yacht Sales, Inc., North Fork
Shipyards, Inc., Defendants.

Martin DUNN and John Lynch,
Plaintiffs,

v.

SOUTHERN CHARTERS, INC., Norman
Stern, Fairwind Yacht, Inc., William
Farr, Hiller Range, Division of Seaward
Products, Inc., Marine Trading Interna-
tional, A Division of Miller Yacht Sales,
Inc., North Fork Shipyards, Inc., De-
fendants.

Nos. 78 C 298, 78 C 427 and 78 C 819.

United States District Court,
E. D. New York.

Jan. 4, 1979.

Harvey O. Lazarowitz, Brooklyn, N. Y., for plaintiffs Robert and Lyvia Moll.

Sidney Wolen, Valley Stream, N. Y., for plaintiff McDermott.

Brendan J. Stynes, Garden City, N. Y., for plaintiffs Dunn and Lynch.

Crowe, McCoy, Agoglia, Fogarty & Zweibel, Mineola, N. Y., for defendant North Fork Shipyard, by Steven J. London, Mineola.

Vincent, Berg, Russo, Marcigliano & Zawacki, New York City, for defendants Marine Trading Intern. and Miller Yacht Sales, by Stanley W. Zawacki, New York City.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

■ These are three related actions brought by the respective plaintiffs to recover damages for injuries[1]—and, in one case, death—allegedly resulting from a fire which broke out on board the sailing vessel "Second Wind" in the waters of Long Island Sound on June 10, 1977. Each complaint sets forth three basic State law claims for relief, sounding in negligence, breach of warranty, and strict products liability, and in each instance subject matter jurisdiction is predicated on diversity of citizenship under 28 U.S.C. § 1332.

Aware that diversity jurisdiction is doubtful—each of the plaintiffs and at least two of the corporate defendants are New York citizens—plaintiffs now seek leave to amend their complaints to assert claims within the court's admiralty and maritime jurisdiction and to identify them as such. See Rule 9(h), F.R.Civ.P. In addition, all plaintiffs seek leave to amend their complaints properly to state the names of certain corporate defendants, and plaintiffs Dunn and Lynch seek voluntarily to dismiss their claims against the individual defendants, Norman Stern and William Farr.

---

1. The Moll complaint also includes claims for loss of personal property and, on behalf of Mrs. Moll, loss of consortium. Mrs. McDermott's claim for loss of consortium appears as a separately denominated cause of action only in her proposed amended complaint. The latter claim is clearly permissible in a maritime wrongful- death action, see *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974), and perhaps under New York law as well, see *Ventura v. Consolidated Edison Co., Inc.,* 411 N.Y.S.2d 277 (App.Div., 1st Dep't, 1978).

One of the defendants, North Fork Shipyard, Inc. ("North Fork"), objects to the proposed amendments on the following grounds: (1) permitting the action to proceed in federal rather than State court will result in increased expense and delay; (2) North Fork will be unable to obtain a jury trial in this forum; (3) the claims which plaintiffs now seek leave to interpose are vague and duplicate those asserted in the original pleadings; and (4) claims founded on a theory of strict products liability are not cognizable in admiralty. North Fork does, however, concede that this court's admiralty and maritime jurisdiction extends to all three cases; hence, it alternatively moves for the consolidation of the actions and for their transfer to the Long Island courthouse should plaintiffs' motions be granted.

The only other objection is raised by Miller Yacht Sales, Inc. and Marine Trading International Corp. (the "Miller defendants"), which claim that the voluntary dismissal of the Dunn and Lynch claims against the individual defendants will interfere with cross-claims they have interposed against those defendants in that action.

At the outset, it should be noted that plaintiffs' original invocation of 28 U.S.C. § 1332 as a basis for this court's subject matter jurisdiction necessarily fails because that statute requires "complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978) (emphasis in original, footnote omitted). And, of course, for purposes of diversity jurisdiction, a corporation is regarded as a citizen of both its State of incorporation and the State in which it maintains its principal place of business. 28 U.S.C. § 1332(c).

■ Citizenship of the parties is, however, irrelevant to a district court's original jurisdiction over admiralty and maritime cases. In cases of maritime tort, the court may properly exercise its admiralty jurisdiction when the act or wrong complained of (1) occurred in navigable waters, and (2) "bear[s] a significant relationship to traditional maritime activity." *Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 268, 93 S.Ct. 493, 504, 34 L.Ed.2d 454 (1972). Similarly, "admiralty contract jurisdiction 'extends over all contracts, (wheresoever they may be made or executed, or whatsoever may be the form of the stipulations,) which relate to the navigation, business or commerce of the sea.'" *Nacirema Co. v. Johnson,* 396 U.S. 212, 215 n. 7, 90 S.Ct. 347, 350, 24 L.Ed.2d 371 (1969) (quoting from *De Lovio v. Boit,* 7 Fed.Cas. pp. 418, 444 (No. 3776) (C.C.D.Mass.1815)). In any event, no party contends that these actions would not be within the court's admiralty jurisdiction if the proposed amendments were allowed.

■ Rule 9(h), F.R.Civ.P., provides, in pertinent part, that "[a] pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim . . . ." The rule further provides that amendment of a pleading to include such a statement is controlled by the "principles" of Rule 15. Rule 15(a), in turn, permits a plaintiff to amend his complaint, following answer, only by leave of court, but leave to amend is to be "freely given when justice so requires." This rule of liberality applies with particular force where, as here, amendment is sought to cure defective allegations of subject matter jurisdiction. See 3 Moore's Federal Practice ¶ 15.09 at 15–130–31 (2d Ed.1978).[2]

■ A motion to amend is, therefore, addressed to the sound discretion of the court, and typically may be denied only for

**2.** Indeed, the right so to amend is expressly provided by statute at least where, as in these cases, the proposed amendments will in fact correct the deficiencies of the original pleadings. See 28 U.S.C. § 1653; *Eisler v. Stritzler,* 535 F.2d 148, 152–53 (1 Cir. 1976); *cf. John Birch Society v. National Broadcasting Company,* 377 F.2d 194 (2 Cir. 1967).

a substantial reason, such as bad faith on the part of the movant, or if likely to produce undue delay or prejudice to the opposing party. See *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32, 91 S.Ct. 795, 28 L.Ed.2d 77 (1970); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); 3 Moore's Federal Practice ¶ 15.08[2]–[4] (2d Ed. 1978). Significantly, the *bona fides* of the proposed amendments are unchallenged and there has been no showing of specific prejudice. North Fork of course concedes that each action presents claims cognizable in admiralty, and there can be little doubt that each defendant has been aware, at least since service of the respective complaints, of the particulars of the claims and of their maritime character. Indeed, North Fork itself urges that the proposed additional claims duplicate those of the original pleadings. These considerations at the very least require the granting of plaintiffs' requests for leave to name Marine Trading International Corp. as a defendant, which has been incorrectly sued as a division of Miller Yacht Sales, Inc., another defendant, and to omit reference to Hiller Range, a division of the defendant Seaward Products, Inc. *Cf. Ingram v. Kumar,* 585 F.2d 566, (2 Cir. 1978).

■ In this context, North Fork's enumerated grounds for objection must be regarded as meritless. Assuming jurisdictional prerequisites are met, plaintiff's selection of a federal forum will govern, for "[t]he party who brings a suit is master to decide what law he will rely upon . . . ." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) (Holmes, J.). Moreover, in view of "the important national interest in the uniformity of law and remedies for those facing the hazards of waterborne transportation," *Kelly v. Smith,* 485 F.2d 520, 526 (5

Cir.), *cert. denied,* 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1973), we must deem unpersuasive any suggestion that State court procedure—including the right to a jury trial in admiralty cases—might be more hospitable or less costly to a particular party. Indeed, allowing the proposed amendments would seem likely to avoid the additional expense and delay that would flow from the dismissal of these actions and their inevitable reinstitution in the State courts.[3]

· Finally, the court is of opinion that the proposed amended complaints sufficiently comply with the requirements of Rule 8(a)(2) and (e)(1), and that the averments of each are not so vague or ambiguous that the defendants cannot be expected to frame responsive pleadings. See Rule 12(e). Whatever doubts North Fork may have with respect to the factual bases for the allegations of these complaints may be probed through conventional discovery, and any challenges to the underlying theories of liability may be asserted by appropriate motion, if it is so advised. Accordingly, plaintiffs' motions for leave to amend their respective complaints as proposed are granted.

■ As noted above, plaintiffs Dunn and Lynch also seek leave to dismiss their claims against the individual defendants Stern and Farr, and the Miller defendants oppose on the ground that the proposed dismissal might adversely affect cross-claims they have interposed against those defendants. The objection is not well taken, for it is settled that the voluntary dismissal of an action as against fewer than all defendants will not operate to dismiss previously asserted cross-claims against those defendants, who remain subject to the court's jurisdiction for purposes of those

---

**3.** North Fork's further contention that claims based on a theory of products liability are not cognizable in admiralty does not appear to be well-founded. See, *e. g., Schaeffer v. Michigan-Ohio Navigation Co.,* 416 F.2d 217, 221 (6 Cir. 1969); *Sanderlin v. Old Dominion Stevedoring Corp.,* 385 F.2d 79, 81 (4 Cir. 1967); 1 Benedict on Admiralty § 188 at 11–36 (7th Ed. 1974). In

any event, principles of pendent jurisdiction will permit such claims to be tried together with claims indisputably within the court's admiralty jurisdiction if they "derive from a common nucleus of operative facts." See *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); 1 Benedict, *supra.*

81

and any other cross-claims that might subsequently be filed. See *Slotkin v. Brookdale Hospital Center,* 377 F.Supp. 275, 277–78 and cases cited (S.D.N.Y.1974). Of course, this application, whether based on Rule 15(a), Rule 21 or Rule 41(a)(2), is addressed to the sound discretion of the court, see *Broadway & Ninety-Sixth Street Realty Corp. v. Loew's, Inc.,* 23 F.R.D. 9, 11 (S.D.N.Y.1958), and therefore requires consideration of the interests of all parties to the action, see 5 Moore's Federal Practice ¶ 41.-06—1 (2d Ed. 1977). No other party to this action has voiced any objection to the dismissal and, inasmuch as Stern and Farr will remain in the action for purposes of cross-claims, the court is of opinion that the proposed dismissal will neither prejudice the interests of the parties nor delay the progress of this action. Accordingly, the Dunn and Lynch motion for leave to dismiss their claims against Farr and Stern is also granted.

█ In addition, North Fork has cross-moved, without opposition, for an order consolidating these three actions, urging that all involve common questions of law and fact and "arise from the same boat charter, alleged defective stove and fire . . . ." London Aff. (7/19/78), ¶ 10. The court agrees, and is of opinion that the interests of judicial economy and avoidance of unnecessary costs will best be served by consolidation for all pre-trial purposes and for trial. See Rule 42(a), F.R.Civ.P.; *Katz v. Realty Equities Corp.,* 521 F.2d 1354 (2 Cir. 1975). Accordingly, the cross-motion is granted.

Finally, North Fork's motion for transfer to the Long Island courthouse is denied, without prejudice to renewal when the consolidated cases are ready for trial. See *Leonardis v. Local 282 Pension Trust Fund,* 391 F.Supp. 554, 557 (E.D.N.Y.1975).

SO ORDERED.