**Trudy and Filmore BELL, Plaintiffs,**

v.

**OWEN THOMAS, INC., Owen Thomas, III, Brooke Dickerman, and Judith Edwards, Defendants.**

**Civ. A. No. 85–0063–H.**

United States District Court,
W.D. Virginia,
Harrisonburg Division.

April 7, 1987.

Karen L. Geary, Harrisonburg, Va., Craig A. Hoover, Robert B. Cave, Hogan & Hartson, Kerry Alan Scanlan, Washington Lawyers' Committee for Civil Rights Under Law, Washington, D.C., for plaintiffs.

Roger B. Willetts, Edmunds, Willetts, Yount, Garber & Hicks, Waynesboro, Va., for Edwards.

James G. Welsh, Timberlake, Smith, Thomas & Moses, P.C., Staunton, Va., for Owen Thomas, Inc. and Brooke B. Dickerman.

Edward R. Slaughter, Jr., Slaughter & Redinger, P.C., Charlottesville, Va., for Brooke B. Dickerman.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The plaintiffs, Trudy and Filmore Bell, are bringing this action for declaratory judgment, permanent injunctive relief, and damages for discrimination in the rental of housing on the basis of race. This action arises under the Fair Housing Act of 1968, 42 U.S.C. §§ 3601–31 (1982), and the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982. The Bells are a mixed race couple who sought to rent residential property owned by defendant Judith Edwards, alleging that Edwards and her agents discriminated in their refusal to rent the premises to the plaintiffs. Defendant Owen Thomas, Inc. is a real estate agency located in Staunton, Virginia, which offers properties for sale and rental in the Staunton area, including that of Edwards, and defendant Brooke Dickerman acted as an agent for Owen Thomas, Inc., offering and negotiating for the rental of said property. Defendant Owen Thomas, III, is the president, principal shareholder, and managing agent of Owen Thomas, Inc.

According to the allegations of the complaint, after initial negotiations with Mrs. Bell, who is white, Dickerman and Edwards orally announced an intention to rent the property to Mr. and Mrs. Bell. However, after a telephone conversation in which Mrs. Bell mentioned that her husband was black, Dickerman called Edwards, and later relayed that Edwards was unwilling to rent to a mixed couple. In later conversations between Owen Thomas, III, and Mrs. Lillian Clarke, the local representative of the NAACP who was investigating the plaintiffs' complaints, Thomas said that he would not rent the property to the Bells because the owner had decided to sell the property, and a lease with purchase option was later signed between Owen Thomas, Inc. and Judith Edwards and Gary and Debora Shaner, a white couple, for the property at 312 West Avenue, Staunton, Virginia. This lease/purchase agreement was subsequently cancelled, apparently due to the effects of the instant litigation, and Edwards later rented the property to the Bells.

On January 17, 1986, defendant Judith Edwards moved this court for leave to file a cross-claim against the co-defendants Owen Thomas, Inc., Brooke Dickerman, and Owen Thomas, III. According to the allegations of the cross-claim, during discovery Judith Edwards learned that the co-defendants acted negligently as her agents, and falsely represented her position to the plaintiffs. Edwards alleges that neither Owen Thomas nor Mrs. Dickerman spoke with her regarding the alleged discrimination. The cross-claim alleges that the co-defendants engaged in or acquiesced in a course of conduct which they knew or should have known was discriminatory, that they failed to represent Edwards' best interests, which they had contractually agreed to do, and in light of this conduct should have known that defendant Edwards might become subject to a discrimination claim due to their actions. Edwards has cross-claimed for damages incurred due to the negligent actions of her co-defendants. Defendant Edwards seeks a judgment against her co-defendants for all amounts determined to be due by her to the plaintiffs as a result of this action, for all attorney fees incurred in her defense, and for damages in the amount of $50,000 for

emotional stress and mental anguish as a result of being falsely named a defendant in this suit. On March 18, 1986, defendants Owen Thomas, Inc. and Owen Thomas, III, filed a motion to dismiss Edwards' motion for leave to file a cross-claim. Defendant Brooke Dickerman filed a similar motion on March 12, 1986. Both motions were denied on March 31, 1986, and a new briefing schedule was established at that time. *See also Order,* filed April 3, 1987.

On October 28, 1986, defendants Dickerman, Thomas, and Owen Thomas, Inc., entered into a comprehensive settlement agreement which resulted in the court dismissing the actions of the plaintiffs against the settling defendants. During the pendency of the settlement negotiations, action on the cross-claim had been deferred. At the October 28, 1986, hearing in which the consent decree was presented to the court, the court also orally granted the motion of defendant Edwards for leave to file a cross-claim, and both the plaintiffs and defendants Owen Thomas, Owen Thomas, Inc., and Brooke Dickerman, requested a bifurcated trial.

Subsequent to the court's ruling from the bench on defendant Edwards' motion for leave to file a cross-claim, but before the court had entered a written order to that effect, the three co-defendants moved the court to reconsider its decision granting defendant Judith Edwards' motion for leave to file the cross-claim and on November 25, 1986, these same defendants moved for a separate trial and a stay of discovery and trial as to Judith Edwards' cross-claim. On November 26, 1986, the plaintiffs also moved to sever defendant Edwards' cross-claim and set a trial which would be separate from any trial scheduled on the cross-claim asserted by defendant Edwards against the three co-defendants. The briefing schedule on said motions was complete as of December 19, 1986, and the issues are now ripe for decision.

*Leave to File a Cross-Claim*

█ In presenting her cross-claim, defendant Edwards is proceeding against co-parties pursuant to Fed.R.Civ.P. 13(g).

The three co-defendants, Brooke Dickerman, Owen Thomas, III, and Owen Thomas, Inc., have argued that since they had settled with the plaintiffs prior to the actual filing of the cross-claim, they were no longer co-parties and were not subject to a cross-claim brought under Rule 13(g). However, the motion for leave to file the cross-claim was filed well before the settlement agreement, and in fact, leave to file the cross-claim was granted at the same hearing at which the settlement agreement was orally approved by the court, on October 28, 1986. There is adequate case law to refute the co-defendants' argument, and as the court found in *Moll v. Southern Charters, Inc.,* 81 F.R.D. 77 (E.D.N.Y. 1979), voluntary dismissal of an action as against fewer than all defendants will not operate to dismiss previously asserted cross-claims against those defendants, who remain subject to the court's jurisdiction for purposes of those and any other cross-claims that might subsequently be filed.

Defendants rely on a body of case law which states that cross-claims may not be brought against any parties who have been eliminated from the suit prior to the time when the cross-claim was filed, since that individual is no longer a party. *See, e.g., Impex Agricultural Commodities v. Leonard Parness Trucking,* 582 F.Supp. 260 (D.N.J.1984); 6 Wright & Miller, *Federal Practice and Proc.,* § 1431, at 163 (1971 & Supp.1986). This court notes that the case *Slotkin v. Brookdale Hosp. Center,* 377 F.Supp. 275 (S.D.N.Y.1974), which was relied upon by the court in *Moll, supra,* refers to the fact that the court must retain jurisdiction over the co-defendants before any future cross-claims may be asserted pursuant to Rule 13(g). Thus, while defendant Edwards' cross-claim had not actually been filed prior to the dismissal of her settling co-defendants, the court retained jurisdiction over said defendants due to the pending motion for leave to file cross-claim which had been previously filed by Edwards.

While this court has not found any cases which directly deal with the problem of a

cross-claim which has been asserted but for which leave to file has not been granted prior to the dismissal of the affected co-defendants, it would create a very poor policy for co-defendants to be able to settle during the pendency of a motion for leave to file a cross-claim, effectively barring the cross-claim from the suit. For these reasons, the court finds the co-defendants, Brooke Dickerman, Owen Thomas, III, and Owen Thomas, Inc., to be continuing co-parties subject to the cross-claim filed by defendant Edwards pursuant to Rule 13(g).

■ Defendants Dickerman, Thomas, and Owen Thomas, Inc., also argue that Edwards' cross-claim is barred by Virginia Code § 8.01–35.1 (1984 & Supp.), which discharges all tort-feasors who have received a release and a covenant not to sue from the persons to whom their liability extends, from all liability for contribution to any other tort-feasor. However, as noted by the court in open session on October 28, 1986, the cross-claim by Edwards is not based upon the same injury as that to the plaintiffs. Rather, Edwards is suing for mismanagement of her property by her agents and for negligent or intentional conduct which resulted in a false accusation of racial discrimination by the Bells against Edwards. The allegations of the cross-claim appear simply to include a measure of damages which would be equal to the amount Edwards was held liable to the plaintiffs in their suit against her, plus such sum, if any, as may be awarded for emotional distress and mental anguish. If evidence later develops which demonstrates that the cross-claim is in fact simply a claim for contribution by joint tort-feasors, then of course Va.Code § 8.01–35.1 would bar recovery. However, at this point the court reads the cross-claim as asserting claims for injuries suffered by Edwards due to the actions of her co-defendants.

■ Likewise, this court recognizes that a party "can assert no claims founded in contribution, indemnification, or otherwise in connection with a judgment entered against it for violation of the civil rights law." *Anderson v. Local Union No. 3,*

*Int'l Brotherhood of Electrical Workers,* 751 F.2d 546 (2d Cir.1984); *see also, Northwest Airlines, Inc. v. Transport Workers Union,* 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981). However, since defendant Edwards is not asserting a right of contribution or indemnification for her actions toward the Bells, but is instead asserting a claim for injuries she herself has suffered due to the actions of her co-defendants, the rationale of *Anderson* is inapplicable. This court is unwilling at this point to deal with the preclusive effect, if any, of a jury verdict which finds the defendant Judith Edwards personally liable to the Bells in their civil rights suit for intentional violations of the Act. While such a verdict may preclude the asserted cross-claim, it would be premature for the court to refuse to grant leave to file the cross-claim prior to trial. Likewise, since discovery needs to continue in this action, the court is unwilling to delay granting the motion for leave to file the cross-claim until after the Bells' case against Edwards has been concluded. Therefore, for the reasons stated above, it is the decision of this court that defendant Edwards' motion for leave to file a cross-claim should be granted.

### Motions for a Separate Trial

■ Applying the policy considerations inherent in Fed.R.Civ.P. Rules 1, 20(b), 40, and 42(b), it is the decision of this court that the motions for bifurcation filed by both the plaintiffs and the co-defendants, Dickerman, Thomas, and Owen Thomas, Inc., should be granted. Separate trials in these causes of action are necessary for three reasons. First, the plaintiffs' claims against defendant Edwards focus on factual issues that, while related, are different from those involved in Edwards' cross-claim. Second, discovery in the plaintiffs' case against defendant Edwards is apparently nearly complete, whereas the issues of the cross-claim would require further discovery. Separate trials would prevent delay of the plaintiffs' Fair Housing Act cause of action, in accordance with the

priority rules now codified at 28 U.S.C. § 1657 (1982). Third, depending on the outcome of the first case, the case of the Bells against Edwards, trial of the cross-claims may not be indicated. However, this court is not inclined to grant the motion of the three co-defendants to stay discovery in the cross-claim action pending resolution of the Bells' suit against Edwards. Allowing Edwards to pursue complete discovery in the issues of the cross-claim may further her attempts to defend against the Bells' suit, and many discovery documents would be needlessly repetitious if it became necessary to file them under two causes of action. This court will insure that there will be such ample further time as may be shown to be necessary for discovery in the cross-claim after the trial in the Bells' suit, so that any discovery related only to the cross-claim, and any question of attorney fees which may have been incurred in the Bell suit, may be delayed, as necessary, so as to prevent undue expense for the parties.

*Conclusion*

For the foregoing reasons, it is the decision of this court that the motion of defendant Edwards for leave to file a cross-claim should be granted. However, trial as to the main cause of action between the plaintiffs and Judith Edwards shall be bifurcated and set on the docket at an earlier date than the trial of the cross-claim between defendant Edwards and co-defendants Dickerman, Thomas, and Owen Thomas, Inc. The motion of said co-defendants for stay of discovery in the cross-claim action should be denied, but the discovery cut-off shall be dated subsequent to the trial in the original action between the plaintiffs and defendant Edwards.

Appropriate Orders shall this day issue.