UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
SHANNON KUNCL,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )          Civil Action No. 10-0268 (PLF)
                                        )
1828 L STREET ASSOCIATES, LLC, *et al.*,)
                                        )
            Defendants.                 )
_____ )


MEMORANDUM OPINION

On June 6, 2011, plaintiff Shannon Kuncl and defendant Avery Elevator

Corporation ("Avery") filed a joint stipulation in which they agreed that Ms. Kuncl's claims

against Avery should be dismissed with prejudice. Because the stipulation was not approved by

all parties who have appeared in the case, as is required by Rule 41(a)(1)(ii) of the Federal Rules

of Civil Procedure, the Court construed that stipulation as a motion to dismiss the plaintiff's

claims against Avery. Defendant 1828 L Street Associates, LLC ("1828 L") then opposed the

motion on the ground that the dismissal of Avery from the case would terminate 1828 L's

pending cross-claims against Avery. 1828 L asked that the motion to dismiss be denied or, in the

alternative, that its cross-claims against Avery be converted into third-party claims. Ms. Kuncl

opposed that suggestion, arguing that the conversion of Avery's cross-claims into third-party

claims would somehow introduce new substantive issues into the case and require the reopening

of discovery.

It seems to the Court that the parties are arguing over mere labels. Ms. Kuncl and

Avery specified in their motion to dismiss the plaintiff's claims against Avery that all pending

cross-claims against Avery would remain pending. See Stipulation of Voluntary Dismissal of Defendant Avery Elevator Corporation Only at 1 ("This dismissal shall not affect Plaintiff's case against the remaining defendants . . . []or any cross-claims that are pending."). That outcome is consistent with precedent; "'the voluntary dismissal of an action as against fewer than all defendants will not operate to dismiss previously asserted cross-claims against those defendants.'" Lipford v. New York Life Ins. Co., Civil Action No. 02-0092, 2003 WL 21313193, at *3 (S.D.N.Y. June 9, 2003) (quoting Moll v. Southern Charters, Inc., 81 F.R.D. 77, 80-81 (E.D.N.Y. 1979)). 1828 L thus will not be prejudiced by the dismissal of plaintiff's claims against Avery, regardless of whether 1828 L's cross-claims are relabeled as third-party claims. By the same token, calling 1828 L's claims against Avery third-party claims instead of cross-claims would not change the substance of those claims, contrary to Ms. Kuncl's apparent belief.

Since the substantive issues to be determined in this case are unaffected by the name applied to 1828 L's claims against Avery, the Court declines to reclassify those claims in the manner that 1828 L has requested. The claims are live regardless, and will remain so even though the Court will grant the motion to dismiss the plaintiff's claims against Avery.

Avery has suggested that at least one of 1828 L's cross-claims against it lacks merit as a matter of law. See Avery's Reply to Defendant 1828 L Street Associates' Opposition to Plaintiff's Motion for Dismissal ¶¶ 5-7. Such substantive questions are better addressed in a dispositive motion. As Avery points out, see id. at 3 n.1, Avery has raised its substantive objections to 1828 L's cross-claims in a motion for summary judgment, which was denied as moot on March 18, 2011, after the plaintiff settled her claims against Avery. Because 1828 L's cross-claims against Avery remain pending, part of Avery's motion for summary judgment is not,

2

in fact, moot, and the Court's Order denying the motion will be partially vacated to account for that fact. An Order consistent with this Memorandum Opinion will issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   July 1, 2011